PETER C. ANDERSON
UNITED STATES TRUSTEE
CAMERON M. GULDEN, MN SBN 310931
ASSISTANT UNITED STATES TRUSTEE
PHILLIP J. SHINE, CA SBN 318840
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
450 Golden Gate Ave., Rm. 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Telecopier: (415) 705-3379
Email: *Phillip.shine@usdoj.gov*

Attorneys for Peter C. Anderson
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re | Case No. 25-30906 DM |
| KAREN DC HAO, | Chapter 7 |
| | Ex Parte |
| Debtor. | |

**UNITED STATES TRUSTEE'S APPLICATION FOR EXAMINATION OF DEBTOR KAREN DC HAO AND PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Peter C. Anderson, the United States Trustee for Region 17 ("**U.S. Trustee**"), by and through undersigned counsel, hereby applies for an order authorizing the examination of the debtor Karen DC Hao aka Karen DC Feng ("**Debtor**") pursuant to Federal Rule of Bankruptcy Procedure 2004 and Bankruptcy Local Rule 2004-1. This Application is based upon the following points and authorities, the Declaration of Paralegal Specialist Ianthe del Rosario ("del Rosario Decl."), and the papers and pleadings on file in this case.[1]

---

[1] The U.S. Trustee requests that the Court take judicial notice of the documents filed in this case pursuant to Federal Rule of Evidence 201 and Federal Rule of Bankruptcy Procedure 9017.

# MEMORANDUM

## I. JURISDICTION

1. The Bankruptcy Court has jurisdiction over bankruptcy cases pursuant to 28 U.S.C. §§ 1334 and 157(b).

2. The U.S. Trustee is statutorily charged with the responsibility to supervise and monitor the administration of bankruptcy cases pursuant to 28 U.S.C. § 586(a)(3).

3. The U.S. Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11 pursuant to 11 U.S.C. § 307, [2] including actions related to dismissal for cause under Section 707(b) or denial of discharge pursuant to Section 727.

## II. BACKGROUND

**A. Bankruptcy Filing.**

4. This chapter 7 case commenced via a skeletal voluntary petition filed November 4, 2025. Dkt. No. 1. The filer ("**Debtor**") represented that her name was Karen DC Hao, that she has also used the name Karen DC Feng, and that her social security number ended 3077. *Id.* at 1.

5. Debtor filed Schedules and Statements on November 14, 2025. Dkt. No. 23. Debtor lists many assets, all valued at $0 except for $20 deposited in a Cash App account. *Id.* at 7-8 of 49. Debtor also claims she has no debts, no income (excepting $292 worth of Cal-fresh food stamps), and no expenses. *See id.* at 1 of 49. The bankruptcy appears filed solely to contest Debtor's eviction and resolve related disputes. *See* Dkt. No. 1.

---

[2] Hereafter, "Section" references the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* "Rule" references the Federal Rules of Bankruptcy Procedure. "B.L.R." references the Bankruptcy Local Rules for the Northern District of California.

**B. Identity Theft Allegations**

6. Karen Der-Chen Feng filed a motion on November 26, 2025, claiming to be a victim of identity theft and alleging that Debtor filed this case using her information. Dkt. No. 31.

7. On December 4, 2025, the Court entered its *Order Directing Debtor to Clarify Social Security Number* ("**Order Re: SSN**"). Dkt. No. 35. The Order Re: SSN required Debtor "to file a declaration [within 10 days] providing clarifying proof that the social security number filed at Dkt. 3 is accurate and belongs to the Debtor …" *Id.* at 1.

8. Debtor filed a response to Ms. Feng's motion on December 10, 2025. Dkt. No. 40.

9. The Court issued an *Order Directing United States Trustee to Review Filings* ("**Order Directing Review**") on December 12, 2025. Dkt. No. 42. The Order Directing Review notes that Debtor failed to provide proof of SSN, instead speculating that there must be two individuals erroneously issued the same SSN by the Social Security Administration. *Id.* at 2. The Order Directing Review also directs the U.S. Trustee "to review this matter and make a recommendation as to the future of this bankruptcy case, whether it is dismissal, dismissal with a bar to refiling, criminal referral, or any other result the United States Trustee may deem proper." *Id.* at 3.

10. Debtor subsequently filed multiple responses with purported proof of identity and SSN. Dkt. Nos. 44-50.

//

//

//

### C. The U.S. Trustee's Investigation

11. The U.S. Trustee has requested documents and information from the Social Security Administration and California Department of Motor Vehicles to establish Debtor's identity. del Rosario Decl., ¶ 5. Production is still pending. *Id.*

12. The U.S. Trustee appeared and asked Debtor questions at the Section 341 Meeting of Creditors on December 16, 2025. *Id.* at ¶ 6. Later that day, the U.S. Trustee requested that Debtor provide available dates and times for a 2004 examination. *Id.*

13. Debtor initially agreed to a 2004 examination and requested additional time to retain an attorney. *Id.* at ¶ 7. However, when the U.S. Trustee followed up on January 8, 2026, Debtor responded: "I Will NOT Comply: I will NOT attend another meeting with you. I will NOT answer further questions. I will NOT subject myself to continued harassment." *Id.*

### III. LEGAL STANDARD

14. Rule 2004 allows for examination of any entity by order of the Court. The scope of the examination, as set forth in the Rule, may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . [.]" Fed. R. Bankr. P. 2004(b).

### IV. DISCUSSION

15. An examination of Debtor is necessary to obtain testimony regarding her identity and financial condition. Debtor has offered explanations for identity issues that require Debtor's testimony to refute identity theft allegations. *See* Dkt. Nos. 44-50. Furthermore, the U.S. Trustee has identified inconsistencies in Debtor's Schedules and Statements and is seeking clarification by Debtor under oath to understand Debtor's financial condition.

16. The scope of the U.S. Trustee's examination will include: (i) Debtor's identity, including name, name changes, aliases, family history, and social security number; (ii) Debtor's representations in the Petition, Schedules, Statement of Financial Affairs, and other pleadings filed in this bankruptcy and any other federal or state court proceeding; (iii) Debtor's assets, liabilities, income; and expenses; and (iv) the circumstances leading to this bankruptcy filing.

17. The U.S. Trustee requests that Debtor be ordered to appear for and submit to an examination, pursuant to Rule 2004, which will be taken under oath and recorded by a court reporter in-person at 450 Golden Gate Ave., Suite 05-0153, San Francisco, CA 94102, on **February 24, 2026 at 10:00 A.M.**, or at another date and time or location mutually agreed upon by the parties.

18. The U.S. Trustee also requests that Debtor be ordered to produce documents as set forth in Attachment A by **February 22, 2026**, or at another time mutually agreed upon in writing by the U.S. Trustee and the Debtor, to the attention of Trial Attorney Phillip J. Shine electronically via email to Phillip.shine@usdoj.gov so as to be received on or before **February 22, 2026**.

V. **RESERVATION OF RIGHTS**

19. The U.S. Trustee reserves the right to seek Court authority to conduct further examination, request additional documents, and/or issue subpoenas.

//
//
//
//
//

## VI. CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court issue an Order: (i) compelling Debtor's attendance at a 2004 examination, (ii) directing the production of documents stated in Attachment A, and (iii) for other and further relief as is just and appropriate.

Dated: February 9, 2026

PETER C. ANDERSON
UNITED STATES TRUSTEE

/s/ *Phillip J. Shine*
Phillip J. Shine
Trial Attorney for United States Trustee

# ATTACHMENT A
# REQUEST FOR PRODUCTION OF DOCUMENTS

A. **DEFINITIONS**

For purposes of this request, terms used have the following meanings and intents:

1. As used herein, the terms "**YOU**," "**YOUR**," and "**DEBTOR**" means the individual who filed *In re Karen DC Hao*, Case No. 25-30906 DM (Bankr. N.D. Cal.) and alleged to be Karen DC Hao aka Karen DC Feng. This includes agents, attorneys, accountants, staff, employees, contractors, and any representatives of this individual.

2. As used herein, the term "**BANKRUPTCY CASE**" means the case entitled *In re Karen DC Hao*, Case No. 25-30906 DM (Bankr. N.D. Cal.) filed in the United States Bankruptcy Court for the Northern District of California by **YOU**.

3. As used herein, the terms "**DOCUMENT**" or "**DOCUMENTS**" shall have the same meaning as the word "writing" as defined in Rule 1001(1) of the Federal Rules of Evidence and includes, without limitation, any kind of written, typewritten, printed or graphic material, any tangible means of recording any form of a statement, communication or representation, and all other date compilations in which information can be obtained (translated, if necessary, by you or detection devices in a reasonably usable form), including to writings and all nonidentical copies of drafts thereof, notes, memoranda, letters, email, facsimiles, calendars, appointment books, diaries, records, ledgers, ledger cards, correspondence, microfiche, notes or minutes of meetings or conversation, catalogues, pamphlets, computer discs, computer cards, computer printouts, tapes and sound recordings, photo records, interoffice and intra office communications, report, photographs, cables, telexes, telegrams, telecopies, account books, ledger sheets, can-celled checks, invoices, bills, receipts, financial statements, and cellular text communications.

4. If **DOCUMENTS** responsive to these requests are withheld on grounds of attorney-client privilege, identify each **DOCUMENT** by stating its date, author, originator, the date authorized or originated, the name of each person to whom the original or copy was addressed or delivered, a brief description of the type of **DOCUMENT**, (e.g.; "letters", "memorandum", etc.), a brief description of the subject matter of the **DOCUMENT** and the request to which the **DOCUMENT** is responsive and the privilege asserted. A copy of a redacted version of the **DOCUMENT** is to be attached to the privilege log.

5. If any **DOCUMENT** described herein was in **YOUR** possession, custody or control but has been disposed of, lost, discarded, or destroyed, identify such **DOCUMENT**, specify its author, addressee, date, subject matter, and all persons to whom copies were furnished; described the contents of the **DOCUMENT**, state when the **DOCUMENT** was within **YOUR** possession, custody or control; state the locations of the disposed **DOCUMENT** and the locations of any alternative copies of lost, discarded or destroyed **DOCUMENT**, the date or approximate time of the disposition, loss or destruction or discarding, and the person responsible therefor.

6. In responding to each of the following requests, provide all **DOCUMENTS** in **YOUR** possession, custody, or control, including any and all **DOCUMENTS** in **YOUR** possession or available to **YOUR** attorneys, investigators, agents, accountants, staff, employees, contractors, and/or other representatives, as well as any and all other persons acting directly or indirectly on **YOUR** behalf and/or in **YOUR** interest.

7. If **YOUR** response is that the **DOCUMENT** requested is not in **YOUR** possession or custody, describe in detail the efforts **YOU** made to locate the **DOCUMENT**. If **YOUR** response is that the **DOCUMENT** is not in **YOUR** control, identify the person or entity in control of the **DOCUMENT** and the location of the **DOCUMENT**.

8. In producing **DOCUMENTS** and information, **YOU** are requested to furnish all **DOCUMENTS** or things in **YOUR** possession, custody or control, or known or available to **YOU**.

9. In producing **DOCUMENTS**, **YOU** are requested to produce the original of each **DOCUMENT** requested together with all nonidentical copies and drafts of that **DOCUMENT**.

10. All comments, notes or signatures appearing on any **DOCUMENT**, and not a part of the original, are to be considered a separate **DOCUMENT**, and all drafts, preliminary forms or superseded versions of any **DOCUMENT** also are to be considered a separate **DOCUMENT**.

11. All **DOCUMENTS** should be produced in the same order as they are kept or maintained.

12. All **DOCUMENTS** should be produced in the file, folder, envelope or other container in which the **DOCUMENTS** are kept or maintained. If for any reason the container can-not be produced, please produce copies of all labels or other identifying markings.

13. **DOCUMENTS** attached to each other must not be separated.

**B.    DOCUMENTS TO BE PRODUCED**

The following **DOCUMENTS** are to be produced by **YOU** to the attention of Trial Attorney Phillip J. Shine electronically via email to Phillip.shine@usdoj.gov so as to be received on or before **February 22, 2026**:

1. Copies of all tax returns that **YOU** filed with the IRS or any state taxing agency, including the California Franchise Tax Board, for tax years 2021 through 2025.

2. Copies of all Form W-2(s) or 1099(s) **YOU** received or that were issued to **YOU** for the years 2021 through 2025.

3. Copies of any grant deed transferring property to **YOU** or from **YOU** during the period January 1, 2021, through January 1, 2026.

4. Copies of the title and registration for any motor vehicle titled or registered in **YOUR** name during the period January 1, 2021, through January 1, 2026.

5. Copies of any application and all documents **YOU** submitted to obtain or continue receiving In-Home Support Services (IHSS) benefits during the period January 1, 2021, through January 1, 2026.

6. Copies of any application and all documents **YOU** submitted to obtain or continue receiving Cal-Fresh benefits during the period January 1, 2021, through January 1, 2026.

7. Copies of any application and all documents **YOU** submitted to obtain a California identification card or driver's license during the period January 1, 2021, through January 1, 2026.

8. Copies of any application and all documents **YOU** submitted to obtain a Social Security card during the period January 1, 2021, through January 1, 2026.

9. Copies of any application and all documents **YOU** submitted to obtain a passport during the period January 1, 2021, through January 1, 2026.

10. Copies of **YOUR** account statements covering the period January 1, 2021, through January 1, 2026, for all **YOUR** financial accounts, including any checking, savings, brokerage, money market, cryptocurrency, certificate of deposit, or retirement accounts.

### C. EXAMINATION OF THE DEBTOR

The U.S. Trustee will be conducting the Rule 2004 Examination in-person at 450 Golden Gate Ave., Suite 05-0153, San Francisco, CA 94102.

**YOU** shall appear for and submit to an examination that will be taken under oath and recorded under Rule 2004, on **February 24, 2026 at 10:00 A.M.**, or on such date and time as may be agreed to in writing by the U.S. Trustee and **YOU**. The Rule 2004 Examination may be continued by the U.S. Trustee until completed.

The testimony shall take place before an official reporter and will be recorded. **YOU** will be placed under oath.

*****END OF ATTACHMENT*****