PETER C. ANDERSON
UNITED STATES TRUSTEE
CAMERON M. GULDEN, MN SBN 310931
ASSISTANT UNITED STATES TRUSTEE
PHILLIP J. SHINE, CA SBN 318840
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
450 Golden Gate Ave., Rm. 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Telecopier: (415) 705-3379
Email: *Phillip.shine@usdoj.gov*

Attorneys for Peter C. Anderson
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re | Case No. 25-30906 DM |
| KAREN DC HAO, | Chapter 7 |
| | Date: March 13, 2026 |
| | Time: 10:00 a.m. |
| Debtor. | Place: In Person (Courtroom 17) or Zoom |

**UNITED STATES TRUSTEE'S MOTION TO
EXTEND TIME TO FILE MOTION OR COMPLAINT
UNDER 11 U.S.C. §§ 707(b)(3) AND 727 TO JUNE 9, 2026**

Peter C. Anderson, the United States Trustee for Region 17 ("**U.S. Trustee**"), by and through undersigned counsel, hereby files this *Motion to Extend Time to File Motion or Complaint Under 11 U.S.C. §§ 707(b)(3) and 727 to June 9, 2026* (the "**Motion**") and requests an extension of the time to file: (i) a motion to dismiss the case of Karen DC Hao aka Karen DC Feng ("**Debtor**") pursuant to 11 U.S.C. § 707(b)(3); and (ii) a complaint to deny Debtor's discharge under 11 U.S.C. § 727. The Motion is based upon the following memorandum, the

Declaration of Paralegal Specialist Ianthe del Rosario ("del Rosario Decl."), and the papers and pleadings filed in this case.[1]

## MEMORANDUM

### I. INTRODUCTION

1. The U.S. Trustee is in the process of getting documents and information from Debtor and third parties to establish Debtor's identity and financial condition. A 120-day extension of the time to file a motion to dismiss or complaint objecting to discharge is necessary to allow the U.S. Trustee to conduct discovery, analyze potential claims, and take appropriate action.

2. The U.S. Trustee reserves all his rights with respect to the Motion.

### II. JURISDICTION

3. The Bankruptcy Court has jurisdiction over bankruptcy cases pursuant to 28 U.S.C. §§ 1334 and 157(b).

4. The U.S. Trustee is statutorily charged with the responsibility to supervise and monitor the administration of bankruptcy cases pursuant to 28 U.S.C. § 586(a)(3).

5. The U.S. Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11 pursuant to 11 U.S.C. § 307,[2] including actions related to dismissal for cause under Section 707(b) or denial of discharge pursuant to Section 727.

//

---

[1] The U.S. Trustee requests that the Court take judicial notice of the documents filed in this case pursuant to Federal Rule of Evidence 201 and Federal Rule of Bankruptcy Procedure 9017.

[2] Hereafter, "Section" references the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* "Rule" references the Federal Rules of Bankruptcy Procedure. "B.L.R." references the Bankruptcy Local Rules for the Northern District of California.

III. **BACKGROUND**

**A. Bankruptcy Filing.**

6. This chapter 7 case commenced via a skeletal voluntary petition filed November 4, 2025. Dkt. No. 1. The filer ("**Debtor**") represented that her name was Karen DC Hao, that she has also used the name Karen DC Feng, and that her social security number ended 3077. *Id.* at 1.

7. Debtor filed Schedules and Statements on November 14, 2025. Dkt. No. 23. Debtor lists many assets, all valued at $0 except for $20 deposited in a Cash App account. *Id*. at 7-8 of 49. Debtor also claims she has no debts, no income (excepting $292 worth of Cal-fresh food stamps), and no expenses. *See id*. at 1 of 49. The bankruptcy appears filed solely to contest Debtor's eviction and resolve related disputes. *See* Dkt. No. 1.

**B. Identity Theft Allegations**

8. Karen Der-Chen Feng filed a motion on November 26, 2025, claiming to be a victim of identity theft and alleging that Debtor filed this case using her information. Dkt. No. 31.

9. On December 4, 2025, the Court entered its *Order Directing Debtor to Clarify Social Security Number* ("**Order Re: SSN**"). Dkt. No. 35. The Order Re: SSN required Debtor "to file a declaration [within 10 days] providing clarifying proof that the social security number filed at Dkt. 3 is accurate and belongs to the Debtor …" *Id.* at 1.

10. Debtor filed a response to Ms. Feng's motion on December 10, 2025. Dkt. No. 40.

11. The Court issued an *Order Directing United States Trustee to Review Filings* ("**Order Directing Review**") on December 12, 2025. Dkt. No. 42. The Order Directing Review

notes that Debtor failed to provide proof of SSN, instead speculating that there must be two individuals erroneously issued the same SSN by the Social Security Administration. *Id.* at 2. The Order Directing Review also directs the U.S. Trustee "to review this matter and make a recommendation as to the future of this bankruptcy case, whether it is dismissal, dismissal with a bar to refiling, criminal referral, or any other result the United States Trustee may deem proper." *Id.* at 3.

12. Debtor subsequently filed multiple responses with purported proof of identity and SSN. Dkt. Nos. 44-50.

**C. The U.S. Trustee's Investigation**

13. The U.S. Trustee has requested documents and information from the Social Security Administration and California Department of Motor Vehicles to establish Debtor's identity. del Rosario Decl., ¶ 5. Production is still pending. *Id*.

14. The U.S. Trustee appeared and asked Debtor questions at the Section 341 Meeting of Creditors on December 16, 2025. *Id.* at ¶ 6. Later that day, the U.S. Trustee requested that Debtor provide available dates and times for a 2004 examination. *Id.*

15. Debtor initially agreed to a 2004 examination and requested additional time to retain an attorney. *Id.* at ¶ 7. However, when the U.S. Trustee followed up on January 8, 2026, Debtor responded: "I Will NOT Comply: I will NOT attend another meeting with you. I will NOT answer further questions. I will NOT subject myself to continued harassment." *Id.*

16. The U.S. Trustee emailed Debtor February 7, 2026, to ask whether Debtor opposed or consented to an extension of time. *Id.* at ¶ 8. Debtor has not responded. *Id.*

//

//

## IV. LEGAL AUTHORITIES AND DISCUSSION

17. Rule 4004(a) provides that a complaint objecting to a debtor's discharge under Section 727(a) shall be filed no later than 60 days after the first date set for the meeting of creditors under Section 341(a). Rule 1017(e) requires the U.S. Trustee to file a Section 707(b)(3) motion to dismiss within 60 days of the date first set for the Section 341(a) Meeting of Creditors. The court may for cause extend the time to object to discharge or to seek dismissal per Section 707(b)(3), so long as the motion requesting extension is filed before the time to file has expired. Fed. R. Bankr. P. 1017(e)(1) and 4004(b).

18. Here, cause to extend time exists because the U.S. Trustee has pending discovery requests and needs time to review production, assess claims, and take appropriate action. The U.S. Trustee believes at least 120-days is necessary and is requesting that deadlines be extended to June 9, 2026.

## VI. CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests (i) that this Court grant the Motion and enter an order allowing until June 9, 2026, for the U.S. Trustee to bring a motion to dismiss under Section 707(b)(3) or a complaint to deny discharge under Section 727(a); and (ii) for other and further relief as the Court deems appropriate.

Dated: February 9, 2026

PETER C. ANDERSON
UNITED STATES TRUSTEE

/s/ *Phillip J. Shine*
Phillip J. Shine
Trial Attorney for United States Trustee