Karen Hao
Lilian Feng
2142 22nd Avenue, Front Unit
San Francisco, CA 94116
(415) 888-5198 (texts)
karendchao@gmail.com
Pro Per Debtors; 28 U.S.C. § 1654;
42 U.S.C. § 12132; 29 U.S.C. § 794;
U.S. Const. Amend. V, XIV

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re:

KAREN HAO,

**DEBTOR.**
**CASE NO. 25-30906**

Chapter 7

**DECLARATION OF KAREN HAO AND LILIAN FENG IN SUPPORT OF DEBTOR'S MOTION FOR RECUSAL OF JUDGE DENNIS MONTALI**

We, Karen Hao and Lilian Feng, declare under penalty of perjury under the laws of the United States as follows:

**COMPETENCY**

    1. We are the Debtors in the above-captioned case and the related Case No. 25-30905 (In re Lilian Feng). We are over the age of 18 and competent to testify. We make this declaration based on personal knowledge except where expressly stated otherwise, and if called as witnesses, we could and would testify competently to the matters stated herein.

**BACKGROUND**

    2. Karen Hao filed a Chapter 7 bankruptcy petition in 2025, assigned Case No. 25-30906. Lilian Feng filed a separate Chapter 7 petition, assigned Case No. 25-30905. The primary purpose of our filings was to invoke the automatic stay under 11 U.S.C. § 362 to protect our housing at 2142 22nd Avenue, San Francisco, CA 94116, from a wrongful eviction based on a void state court default judgment.

PLEADING TITLE - 1

3. Both cases were assigned to the Honorable Dennis Montali.

**JUDGE MONTALI'S SPOUSE — VERIFIED REAL ESTATE BROKER**

4. Judge Montali's spouse is ████████ This is confirmed by public reporting, including an April 6, 2001 SFGate article describing Judge Montali at his Berkeley home with his wife, ████ (SFGate, "Newsmaker Profile: Dennis Montali," April 6, 2001.)

5. I, Karen Hao, personally accessed the California Department of Real Estate public license lookup database (www.dre.ca.gov) on January 17, 2026. The database returned the following verified information:
Name: ████████
License Type: BROKER
License ID: ████████
License Status: LICENSED (active)
Broker License Issued: March 18, 1983
Expiration Date: March 17, 2027
Main Office: ████████████████████
Mailing Address: ████████████████████
Former Names: No former names
Disciplinary Action: None
DBA: No current DBAs
A true and correct copy of the DRE public license lookup printout is attached to the Motion as Exhibit A.

6. The address ████████████████████ is the same Berkeley address publicly associated with Judge Montali's residence. ████████ is operating her real estate brokerage from the judge's home address. She has been an active, licensed real estate broker for 43 consecutive years.

7. This is not a remote or speculative connection. ████████ is an active, practicing real estate broker operating from the judge's home. Her livelihood depends directly on the health and functioning of the California residential real estate market — the very market affected by Judge Montali's rulings on landlord-tenant disputes, eviction stays, and relief-from-stay motions in our cases.

**JUDGE MONTALI'S CAREER AS A CREDITOR'S ATTORNEY**

8. Judge Montali was in private practice from 1969 to 1993 — a period of 24 years — specializing in "bankruptcy and creditors' rights." During the latter part of his career at Pillsbury, Madison & Sutro (now Pillsbury Winthrop Shaw

PLEADING TITLE - 2

Pittman LLP), he became nationally known as a creditor's attorney. This is stated in his Wikipedia biography, the Court's own website (canb.uscourts.gov/judge/montali), and the SFGate profile referenced above.

9. While we respect Judge Montali's distinguished career, a quarter century of exclusive representation of creditors creates an ingrained perspective that is relevant to the § 455(a) appearance-of-impartiality analysis, particularly in cases like ours where disabled, pro se tenant-debtors are seeking stay protection against a landlord-creditor.

**PATTERN OF HOSTILE CONDUCT**

10. Judge Montali granted relief from the automatic stay to the landlord (Zhuo Dong Lin) despite our presentation of evidence that the underlying state court unlawful detainer default judgment was void due to:
(a) fraudulent service of process;
(b) absence of mandatory pre-eviction notices under Cal. Code Civ. Proc. § 1161 and San Francisco Administrative Code § 37.9;
(c) illegal and uninhabitable dwelling conditions; and
(d) retaliatory eviction.

11. Upon information and belief, Judge Montali directed or encouraged the U.S. Trustee (Phillip Shine) to investigate us based on a name/identity question that had already been resolved at the § 341 Meeting of Creditors. No creditor had filed any complaint. The only potentially affected person, Karen Feng, appeared at the § 341 hearing, met Karen Hao in person, confirmed the situation was an unfortunate name coincidence, and chose not to proceed with any complaint.

12. Despite the absence of any creditor complaint or victim, the U.S. Trustee has:
(a) demanded a Rule 2004 examination;
(b) sought an extension of time to bring actions under § 707(b) or § 727; and
(c) contacted outside agencies including the Social Security Administration — all apparently at the Court's direction or with the Court's encouragement.

13. On February 7, 2026, the U.S. Trustee (Phillip Shine) sent an email scheduling 2004 examinations for February 24, 2026, and seeking consent to an extension of time for § 707(b)/§ 727 actions. This continued pressure, in the context of our emergency housing crisis, documented disabilities, and inability to obtain counsel, constitutes harassment.

PLEADING TITLE - 3

## THE STAY-RELIEF ORDERS ARE TAINTED AND HAVE CAUSED IRREPARABLE HARM

14. The orders granting relief from the automatic stay were entered at a time when the disqualifying conflict — ██████████████ 43-year active real estate brokerage — already existed. The conflict was not disclosed to us. We had no knowledge of it until January 17, 2026, when we discovered the DRE record.

15. As a direct result of the tainted stay-relief orders, the landlord has proceeded with eviction enforcement in state court. On or about February 2026, the San Francisco Sheriff's Department scheduled execution of a writ of possession against us based on the state court judgment that we contend is void. We face imminent loss of our home — a home we have occupied for years — based on orders entered by a judge who should never have presided over our cases.

16. If the stay-relief orders are not vacated, the harm is irreversible. Once we are physically evicted, no subsequent judicial ruling can restore our housing. Vacatur of the tainted orders and de novo review by a new judge is the only adequate remedy. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64 (1988) (vacatur under Rule 60(b)(6) is appropriate remedy for § 455 violation).

## ADA AND DISABILITIES

17. Both of us have documented disabilities that prevent attendance at synchronous in-person or real-time video proceedings. The San Francisco Superior Court has granted ADA accommodations in multiple cases (Case Nos. CUD-25-679228, CUD-25-680631, CGC-25-628811) for asynchronous, papers-only proceedings. The nature of our disabilities is confidential medical information protected by HIPAA (45 C.F.R. § 164.502) and California Civil Code § 56.10. We are willing to provide medical documentation to the Court under seal if requested.

18. We have been unable to retain legal counsel despite diligent efforts. The State Bar referral service has confirmed that no attorneys are available for this type of proceeding. We are proceeding pro se out of necessity, not choice.

## THE IDENTITY ISSUE IS RESOLVED

19. The name similarity between Karen Hao and Karen Feng was not identity theft. It was an unfortunate coincidence. Both individuals are affected. Neither chose it. Neither committed a crime.

PLEADING TITLE - 4

20. Karen Feng appeared at the § 341 Meeting of Creditors, met Karen Hao, confirmed the situation, and voluntarily chose not to pursue any complaint. There is no victim. There is no crime. There is no creditor asserting loss.

21. The continued investigation of this resolved matter, apparently at Judge Montali's direction, is punitive and not in the interest of justice.

**CONCLUSION**

22. For all of these reasons, we believe that:

(a) Judge Montali's impartiality might reasonably be questioned under 28 U.S.C. § 455(a);

(b) his spouse's 43-year active real estate brokerage practice constitutes a financial interest requiring mandatory, non-waivable disqualification under § 455(b)(4); and

(c) all substantive orders entered by Judge Montali in these cases — including the orders granting relief from the automatic stay — are tainted by judicial disqualification and must be vacated pursuant to Fed. R. Bankr. P. 9024 and Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988).

We respectfully request recusal, reassignment, vacatur, and a stay of all pending matters.

We declare under under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 8, 2026**, at San Francisco, California.

_Signature_

KAREN HAO

_Signature_

LILIAN FENG

PLEADING TITLE - 5

EXHIBIT LIST
1.  Exhibit A — California DRE Public License Lookup ███████████, Broker
License No. ████████
2.  Exhibit B — MC-410 ADA Accommodation Request Forms and Superior
Court Orders, Case No. CUD-25-679228
3.  Exhibit C — ADA Accommodation Order, Case No. CUD-25-628811

# Exhibit A
## California DRE Public License Lookup ███████
## ████████ Broker License No ██████████

# STATE OF CALIFORNIA
# DEPARTMENT OF REAL ESTATE

In reviewing a licensee's information, please be aware that license discipline information may have been removed from a licensee's record pursuant to Business & Professions Code Section 10083.2 (c). However, discipline information may be available from the California Department of Real Estate upon submittal of a request, or by calling the Department's public information line at 1-877-373-4542.

The license information shown below represents public information. It will not reflect pending licensing changes which are being reviewed for subsequent updating. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

Some historical disciplinary action documents may not be in compliance with certain accessibility functions. For assistance with these documents, please contact the Department's Licensing Flag Section.

---

License information taken from records of the Department of Real Estate on 1/17/2026 6:57:27 AM

---

**License Type:** BROKER

**Name:** ███████████

**Mailing Address:** ███████████

**License ID:** ███████████

**Expiration Date:** 03/17/27

**License Status:** LICENSED

**Broker License Issued:** 03/18/83 (Unofficial -- taken from secondary records)

**Former Name(s):** NO FORMER NAMES

**Main Office:** ███████████

**DBA** NO CURRENT DBAS

**Branches:** NO CURRENT BRANCHES

**Affiliated Licensed Corporation(s):** NO CURRENT AFFILIATED CORPORATIONS

**Comment:** NO DISCIPLINARY ACTION

NO OTHER PUBLIC COMMENTS

>>>> Public information request complete <<<<

# Exhibit B

MC-410 ADA Accommodation Request Forms and Superior Court Orders, Case No. CUD-25-679228

**MC-410**   **Disability Accommodation Request**

**CONFIDENTIAL**

If you have a disability and need an accommodation while you are at court, you can use this form to make your request. For more information, see form MC-410-INFO.

 Make this request at least **5 days** (when the court is open) before you need the accommodation.

Clerk receives and date stamps here.



RECEIVED
JAN 3 0 2026

## 1   Your information

Name:   KAREN HAO

Address:   2142 22nd Avenue, Front Unit

SAN FRANCISCO, CA 94116

Phone:   415-888-5198 (texts)

Email:   KARENDCHAO@GMAIL.COM

Court Name and Address:

SUPERIOR COURT OF CALIFORNIA SAN FRANCISCO
400 MCALLISTER STREET
SAN FRANCISCO, CA 94102

Case Number (if you know it):
CUD-25-679228

Case Name/Type (if you know it):
LIN v Hao, et al.

## 2   How are you involved in the case?
☐ Juror  ☑ Party  ☐ Witness  ☐ Lawyer
☐ Other  (explain):

## 3   When and where do you need the accommodation? [date(s), time(s), and court location]
All hearings and proceedings for this case.
[All dates, times, and court locations for this case]

## 4   What accommodation do you need at the court?
Asynchronous proceedings – all matters decided on written papers per CCP §1005(b), no live appearance.

How do you need this accommodation to assist you in ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ medical episode ~~ schedule ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Date:   JANUARY 30, 2026

KAREN HAO

Type or print name                          Signature

**(Optional)** If a court employee, caregiver or other person helped fill out this form and is **willing to provide more information if needed,** provide contact information below:

Name:                          Email:                          Phone:

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2021, Optional Form
Cal. Rules of Court, rule 1.100

**Disability Accommodation Request**

MC-410, Page 1 of 2



## MC-410 Disability Accommodation Request

**CONFIDENTIAL**

If you have a disability and need an accommodation while you are at court, you can use this form to make your request. For more information, see form MC-410-INFO.

 Make this request at least **5 days** (when the court is open) before you need the accommodation.

Clerk receives and date stamps here.

RECEIVED
JAN 3 0 2026

**Court Name and Address:**

SAN FRANCISCO
SUPERIOR COURT
400 MCALLISTER ST
SAN FRANCISCO, CA 94102

**Case Number (if you know it):**
CUD-25-679228

**Case Name/Type (if you know it):**
Lin v Hao, et al.

### 1  Your Information

Name: LILIAN FENG

Address: 2142 22nd Avenue, Front Unit

SAN FRANCISCO, CA 94116

Phone: 415-888-5198 (TEXTS)

Email: KARENDCHAO@GMAIL.COM

### 2  How are you involved in the case?
☐ Juror ☒ Party ☐ Witness ☐ Lawyer
☐ Other (explain):

### 3  When and where do you need the accommodation? [date(s), time(s), and court location]
All hearings and proceedings for this case.
[All dates, times, and court locations for this case]

### 4  What accommodation do you need at the court?
Asynchronous proceedings – all matters decided on written papers per CCP §1005(b), no live appearance.

### 5  Why do you need this accommodation to assist you in court?

*[text illegible/obscured]*

Date: JANUARY 30, 2026

LILIAN FENG

Type or print name

Signature

**(Optional)** If a court employee, caregiver or other person helped fill out this form and is **willing to provide more information if needed**, provide contact information below:

Name: Email: Phone:

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2021, Optional Form
Cal. Rules of Court, rule 1.100

**Disability Accommodation Request**



Case: 25-30906   Doc# 91   Filed: 02/09/26   Entered: 02/09/26 17:03:30   Page 10 of 21

— — — — — — — — — — — — **Court fills out below** — — — — — — — — —

> **(Optional)**
> (!) **Important!** If your case is delayed or dismissed after you make this request and you do not need the accommodation for the date you specified under 3, please contact the court at:
>
> Phone: _____  Email: _____

☐ Your request is **GRANTED.** The court will provide the accommodation(s) requested.

☒ Your request is **DENIED IN WHOLE OR IN PART.** The denied portion of your request:

☒ Does not meet the requirements of Cal. Rules of Court, rule 1.100.

☐ Creates an undue financial or administrative burden for the court.

☒ Changes the basic nature of the court's service, program, or activity.

Explain the reasons supporting the box(es) checked above:

_____

_____

☒ **Instead,** the court will provide the following accommodation(s):

*See attached*

_____

**The court will provide the accommodation(s):**

☐ For the date(s) and time(s) requested     ☐ Indefinitely

☐ On date(s): _____

☒ More information on this decision is attached.

Date: _2/2/2026_

**CHARLES F. HAINES**
_____
Type or print name

Signature: _Charles F. Haines_

FEB 0 2 2026

The court responded in person, by phone, or mail/email on: _____

**Note:** You may be able to ask for a review of this decision. Cal. Rules of Court, rule 1.100(g) explains how to do this.

Rev. January 1, 2021

## Disability Accommodation Request

MC-410, Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]     [ Clear this form ]

CUD-25-679228

A. Karen Hao is excused from in-person appearance for:

      1. Any law and motion hearings set in Department 501;

      2. Any discovery hearings set in Department 501;

      3. Any Ex-parte hearings in department 501;

      4. Trial call set in Department 501.

B. Karen Hao may appear remotely. If proper notice of appearance for a law and motion hearing; discovery hearing; or ex-parte hearing is provided by the Plaintiff (for example if Plaintiff wishes to contest the tentative ruling or wishes to orally oppose an ex-parte application, etc.,) and Karen Hao does not appear, the Court will proceed with the hearing/ex-parte. If tentative rulings are not contested, Karen Hao is excused from appearance.

C. As to any other possible hearings and appearances in this action, a request for accommodation shall be made when such hearings/appearances are set. Such hearings and appearances include, but are not limited to, Mandatory Settlement Conference, Trial.

| Name: | LILIAN FENG | Case Number (if you know it):<br>CUD-25-679228 |
|---|---|---|

– – – – – – – – – – – – – – – **Court fills out below** – – – – – – – – – – – – – – –

> **(Optional)**
> **Important!** If your case is delayed or dismissed after you make this request and you do not need the accommodation for the date you specified under 3, please contact the court at:
> Phone: _____ Email: _____

☐ Your request is **GRANTED.** The court will provide the accommodation(s) requested.

☒ Your request is **DENIED IN WHOLE OR IN PART.** The denied portion of your request:

    ☐ Does not meet the requirements of <u>Cal. Rules of Court, rule 1.100</u>.

    ☐ Creates an undue financial or administrative burden for the court.

    ☒ Changes the basic nature of the court's service, program, or activity.

    Explain the reasons supporting the box(es) checked above:

    _____

    _____

☒ **Instead,** the court will provide the following accommodation(s):

    *See Attached*

    _____

**The court will provide the accommodation(s):**

☐ For the date(s) and time(s) requested      ☐ Indefinitely

☐ On date(s): _____

☒ More information on this decision is attached.

Date: _2/1/2026_

**CHARLES F. HAINES**

Type or print name

Signature _Charles F. Haines_

The court responded in person, by phone, or mail/email on: _FEB 0 2 2026_

> **Note:** You may be able to ask for a review of this decision.
> <u>Cal. Rules of Court, rule 1.100(g)</u> explains how to do this.

Rev. January 1, 2021

**Disability Accommodation Request**

MC-410, Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]

CUD-25-679228

A. Lilian Feng is excused from in-person appearance for:

      1. Any law and motion hearings set in Department 501;

      2. Any discovery hearings set in Department 501;

      3. Any Ex-parte hearings in department 501;

      4. Trial call set in Department 501.

B. Lilina Feng may appear remotely. If proper notice of appearance for a law and motion hearing; discovery hearing; or ex-parte hearing is provided by the Plaintiff (for example if Plaintiff wishes to contest the tentative ruling or wishes to orally oppose an ex-parte application, etc.,) and Lilian Feng does not appear, the Court will proceed with the hearing/ex-parte. If tentative rulings are not contested, Lilian Feng is excused from appearance.

C. As to any other possible hearings and appearances in this action, a request for accommodation shall be made when such hearings/appearances are set. Such hearings and appearances include, but are not limited to, Mandatory Settlement Conference, Trial.

# Exhibit C

ADA Accommodation Order, Case
No. CUD-25-628811

Name: KAREN HAO

Case Number (If you know It):
CGC-25-628811

– – – – – – – – – – – – – – – – **Court fills out below** – – – – – – – – – – – – – – – –

**(Optional)**

**Important!** If your case is delayed or dismissed after you make this request and you do not need the accommodation for the date you specified under 3, please contact the court at:

Phone: _____ Email: _____

☐ Your request is **GRANTED.** The court will provide the accommodation(s) requested.

☒ Your request is **DENIED IN WHOLE OR IN PART.** The denied portion of your request:

☒ Does not meet the requirements of <u>Cal. Rules of Court, rule 1.100</u>.

☐ Creates an undue financial or administrative burden for the court.

☒ Changes the basic nature of the court's service, program, or activity.

Explain the reasons supporting the box(es) checked above:

_____

_____

☒ **Instead,** the court will provide the following accommodation(s):

_see attached_

_____

**The court will provide the accommodation(s):**

☐ For the date(s) and time(s) requested        ☐ Indefinitely

☐ On date(s): _____

☒ More information on this decision is attached.

Date: ___2/2/26___

**CHARLES F. HAINES**

Type or print name

Signature: _Charles F. Haines_

The court responded in person, by phone, or mail/email on: ___FEB 0 2 2026___

**Note:** You may be able to ask for a review of this decision. <u>Cal. Rules of Court, rule 1.100(g)</u> explains how to do this.

Rev. January 1, 2021

**Disability Accommodation Request**

MC-410, Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]          [ Clear this form ]

CGC-25-628811

A. Karen Hao is excused from in-person appearance for:

    1. Any law and motion hearings set in Department 501;

    2. Any Ex-parte hearings in department 501;

B. Karen Hao may appear remotely. If proper notice of appearance for a law and motion hearing or ex-parte hearing is provided by the Plaintiff (for example if Defendant wishes to contest the tentative ruling or wishes to orally oppose an ex-parte application, etc.,) and Karen Hao does not appear, the Court will proceed with the hearing/ex-parte. If tentative rulings are not contested, Karen Hao is excused from appearance.

C. As to any other possible hearings and appearances in this action, a request for accommodation shall be made when such hearings/appearances are set. Such hearings and appearances include, but are not limited to Discovery motions and ex-partes, Trial, etc.

Name: LILIAN FENG

Case Number (if you know it):
CGC-25-628811

– – – – – – – – – – – – – Court fills out below – – – – – – – – – – – – –

**(Optional)**

(!) **Important!** If your case is delayed or dismissed after you make this request and you do not need the accommodation for the date you specified under 3, please contact the court at:

Phone: _____  Email: _____

☐ Your request is **GRANTED.** The court will provide the accommodation(s) requested.

☒ Your request is **DENIED IN WHOLE OR IN PART.** The denied portion of your request:

  ☐ Does not meet the requirements of <u>Cal. Rules of Court, rule 1.100</u>.

  ☐ Creates an undue financial or administrative burden for the court.

  ☒ Changes the basic nature of the court's service, program, or activity.

  Explain the reasons supporting the box(es) checked above:

  _____
  _____

  ☒ **Instead,** the court will provide the following accommodation(s):

  <u>*see attached*</u>
  _____

**The court will provide the accommodation(s):**

☐ For the date(s) and time(s) requested   ☐ Indefinitely

☐ On date(s): _____

☒ More information on this decision is attached.

Date: <u>2/2/2026</u>

CHARLES F. HAINES

Type or print name

Signature: *Charl F Haines*

FEB 0 2 2026

The court responded in person, by phone, or mail/email on: _____

**Note:** You may be able to ask for a review of this decision. <u>Cal. Rules of Court, rule 1.100(g)</u> explains how to do this.

Rev. January 1, 2021

**Disability Accommodation Request**

MC-410, Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ]   [ Clear this form ]

CGC-25-628811

A. Lilian Feng is excused from in-person appearance for:

    1. Any law and motion hearings set in Department 501;

    2. Any Ex-parte hearings in department 501;

B. Lilian Feng may appear remotely. If proper notice of appearance for a law and motion hearing or ex-parte hearing is provided by the Plaintiff (for example if Defendant wishes to contest the tentative ruling or wishes to orally oppose an ex-parte application, etc.,) and Karen Hao does not appear, the Court will proceed with the hearing/ex-parte. If tentative rulings are not contested, Lilian Feng is excused from appearance.

C. As to any other possible hearings and appearances in this action, a request for accommodation shall be made when such hearings/appearances are set. Such hearings and appearances include, but are not limited to Discovery motions and ex-partes, Trial, etc.

Karen Hao
Lillian Feng
2142 22nd Avenue, Front Unit
San Francisco, CA 94116
(415) 888-5198 (texts)
karendchao@gmail.com
Pro Per Debtors; 28 U.S.C. § 1654;
42 U.S.C. § 12132; 29 U.S.C. § 794;
U.S. Const. Amend. V, XIV

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

KAREN HAO,

        DEBTOR.

CASE NO. 25-30906

CHAPTER 7

[PROPOSED] ORDER GRANTING
DEBTOR'S MOTION FOR RECUSAL OF
JUDGE DENNIS MONTALI, VACATING
TAINTED ORDERS, AND REASSIGNING
CASE

The Motion for Recusal of Judge Dennis Montali filed by Debtors Karen Hao and Lillian Feng having come before this Court on papers pursuant to the Debtors' ADA accommodation request (42 U.S.C. § 12132), and the Court having considered the Motion, the Declaration of Karen Hao and Lillian Feng in Support, Exhibits A through E, and the records and files herein, and good cause appearing:

IT IS HEREBY ORDERED:

1.  The Motion for Recusal is GRANTED.

2.  The Honorable Dennis Montali is DISQUALIFIED from presiding over Case No. 25-30906 (and the related Case No. 25-30905) and all related proceedings, pursuant to 28 U.S.C. § 455(a) and (b)(4) and Fed. R. Bankr. P. 5004(a).

NOTICE OF MOTION FOR RECUSAL AND DISQUALIFICATION OF THE HONORABLE DENNIS MONTALI PURSUANT TO 28 U.S.C. § 455 AND FED. R. BANKR. P. 5004; REQUEST FOR REASSIGNMENT; NOTICE OF INTENT TO FILE JUDICIAL MISCONDUCT COMPLAINT UNDER 28 U.S.C. § 351 - 1

3.  Both cases shall be REASSIGNED to a different United States Bankruptcy Judge in the Northern District of California, San Francisco Division, by the Clerk of Court.

4.  All substantive orders entered by Judge Montali in Case Nos. 25-30906 and 25-30905 — including but not limited to the orders granting relief from the automatic stay — are hereby VACATED as tainted by judicial disqualification, pursuant to Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60(b)(6)) and Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988). All vacated matters are reset for de novo consideration by the reassigned judge.

5.  ALL PENDING MATTERS — including the U.S. Trustee's motion for extension of time under 11 U.S.C. §§ 707(b)/727, the Rule 2004 examination, and all state court eviction proceedings authorized by the vacated stay-relief orders — are STAYED pending reassignment and review by the newly assigned judge.

6.  The U.S. Trustee SHALL NOT proceed with the scheduled February 24, 2026 Rule 2004 examination until the newly assigned judge has reviewed the Debtor's ADA accommodation requests and issued appropriate orders.

7.  Judge Montali shall provide FULL DISCLOSURE of his financial interests and those of his spouse, ██████████, as required by the Ethics in Government Act and the Courthouse Ethics and Transparency Act.

8.  The Clerk shall serve this Order on all parties and the U.S. Trustee.

IT IS SO ORDERED.

Dated: _____

UNITED STATES BANKRUPTCY JUDGE
Northern District of California

NOTICE OF MOTION FOR RECUSAL AND DISQUALIFICATION OF THE HONORABLE DENNIS MONTALI PURSUANT TO 28 U.S.C. § 455 AND FED. R. BANKR. P. 5004, REQUEST FOR REASSIGNMENT, NOTICE OF INTENT TO FILE JUDICIAL MISCONDUCT COMPLAINT UNDER 28 U.S.C. § 351 - 2