Karen Hao
Lilian Feng
2142 22nd Avenue, Front Unit
San Francisco, CA 94116
Telephone: (415) 888-5198
Email: karendchao@gmail.com
Pro Per Debtors; 28 U.S.C. § 1654;
42 U.S.C. § 12132; 29 U.S.C. § 794;
U.S. Const. Amend. V, XIV

FILED
FEB 09 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

KAREN HAO,
Debtor.

CASE NO. 25-30906

Chapter 7

NOTICE OF DISQUALIFYING CONFLICT AND ACCOMPANYING AFFIDAVIT UNDER 28 U.S.C. §§ 144 AND 455
(28 U.S.C. §§ 144, 455(a), (b)(1), (b)(4), (e);
Fed. R. Bankr. P. 5004(a))

[ADA Accommodation: Papers-Only- 42 U.S.C. § 12132]

TO THE HONORABLE COURT, THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, THE UNITED STATES TRUSTEE, AND THE CHIEF BANKRUPTCY JUDGE OF THE NORTHERN DISTRICT OF CALIFORNIA:

**I. PURPOSE OF THIS NOTICE**

Debtors Karen Hao and Lilian Feng (Case No. 25-30905) respectfully bring to the Court's attention facts that give rise to a disqualifying conflict under federal law. Debtors are confident that the Court will wish to be apprised of these facts so that it may take whatever steps the law contemplates to preserve the integrity of these proceedings and the public's confidence in the judicial process.

Debtors raise this matter in a spirit of respect for the Court and for the rule of law.

CHAPTER 7 NOTICE OF DISQUALIFYING CONFLICT AND ACCOMPANYING AFFIDAVIT UNDER 28 U.S.C. §§ 144 AND 455 (28 U.S.C. §§ 144, 455(A), (B)(1), (B)(4), (E); FED. R. BANKR. P. 5004(A))[ADA ACCOMMODATION: PAPERS-ONLY- 42 U.S.C. § 12132] - 1

The disqualification statutes exist not to impugn any individual judge, but to safeguard the foundational principle upon which the American judiciary rests — that every litigant is entitled to a fair and impartial tribunal. As the Supreme Court has recognized, these provisions protect the judiciary itself, because public confidence in the courts depends on the scrupulous observance of the rules governing disqualification.

This Notice is accompanied by an Affidavit as contemplated by 28 U.S.C. § 144.

## II. FACTS BROUGHT TO THE COURT'S ATTENTION

### A. The Spouse's Financial Interest in the Subject Matter

It has come to Debtors' attention that ▇▇▇▇▇▇ spouse of the Honorable Dennis Montali, holds an active California Real Estate Broker License (DRE License No. ▇▇▇▇▇), issued in 1983 and operating from the judge's home address. This license has been continuously active for approximately 43 years.

These bankruptcy cases centrally involve residential real property, landlord-tenant disputes, eviction enforcement, and relief-from-stay motions affecting real property rights. Under 28 U.S.C. § 455(b)(4), a judge must be disqualified where the judge's spouse holds a financial interest in the subject matter in controversy. Under § 455(e), this particular ground for disqualification cannot be waived by any party — a provision that exists to protect the Court as much as the litigants.

### B. Circumstances That May Reflect the Conflict

Debtors do not presume to know the Court's reasoning in any individual ruling. However, in the interest of a complete record, Debtors note the following pattern of outcomes that, when viewed alongside the now-discovered conflict, may warrant the Court's own reflection:

(a) The Court granted relief from the automatic stay to the landlord-creditor, permitting enforcement of a state court eviction against Debtors — proceedings that Debtors contend are based on a void default judgment obtained through fraudulent service of process;

(b) When Wells Fargo Bank, N.A. seized and/or froze Debtors' funds in apparent violation of the automatic stay under 11 U.S.C. § 362(a), Debtors brought this to the Court's attention and sought emergency relief. The Court did not act to compel Wells Fargo to return the funds or to enforce the automatic stay. These funds were necessary for Debtors' basic survival — food, medicine, and disability-related needs.

CHAPTER 7NOTICE OF DISQUALIFYING CONFLICTAND ACCOMPANYING AFFIDAVITUNDER 28 U.S.C. §§ 144 AND 455(28 U.S.C. §§ 144, 455(A), (B)(1), (B)(4), (E);FED. R. BANKR. P. 5004(A))[ADA ACCOMMODATION: PAPERS-ONLY- 42 U.S.C. § 12132] - 2

Case: 25-30906    Doc# 93    Filed: 02/09/26    Entered: 02/09/26 17:07:36    Page 2 of 5

The automatic stay is the most fundamental protection afforded to debtors under the Bankruptcy Code, and its enforcement is entrusted to this Court;

(c) Every substantive request by opposing parties — including the U.S. Trustee's requests for Rule 2004 examinations, extensions of time under 11 U.S.C. §§ 707(b) and 727, and creditor relief — has been granted;

(d) Every substantive motion, request for relief, and emergency filing submitted by Debtors has been denied or left unaddressed. To date, the Court has not granted Debtors a single substantive form of relief in either case;

(e) Debtors respectfully observe that this uniform pattern of outcomes, viewed in light of the disqualifying conflict, is precisely the kind of circumstance that the disqualification statutes were designed to address — not because any particular ruling was necessarily wrong, but because the integrity of the process itself must be beyond question.

## III. THE APPLICABLE LAW

Debtors set forth the following provisions for the Court's convenience, as they govern what the law contemplates upon the filing of this Notice and Affidavit:

### A. 28 U.S.C. § 144

Section 144 provides that upon the filing of a timely and sufficient affidavit of bias or prejudice, the judge before whom the matter is pending "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." The Supreme Court has recognized this provision as a peremptory challenge designed to eliminate the necessity of any ruling by the challenged judge on the question of his or her own disqualification. *Berger v. United States*, 255 U.S. 22, 36 (1921).

The judge's role upon receiving the affidavit is limited to determining its legal sufficiency — whether it states facts (not conclusions) that, if true, would convince a reasonable person that bias exists. The truth of the facts alleged is not at issue at this stage.

### B. 28 U.S.C. § 455(b)(4) and (e)

Section 455(b)(4) provides for mandatory disqualification where the judge's spouse has a financial interest in the subject matter in controversy. Section 455(e) provides that this ground **cannot be waived** — a safeguard that protects the Court's own integrity. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).

CHAPTER 7NOTICE OF DISQUALIFYING CONFLICTAND ACCOMPANYING AFFIDAVITUNDER 28 U.S.C. §§ 144 AND 455(28 U.S.C. §§ 144, 455(A), (B)(1), (B)(4), (E);FED. R. BANKR. P. 5004(A))[ADA ACCOMMODATION: PAPERS-ONLY- 42 U.S.C. § 12132] - 3

## C. Effect on Prior Orders

Under *Liljeberg*, 486 U.S. at 864, where a disqualifying conflict is discovered, orders entered during the period of disqualification may be reviewed under a three-factor test: (1) the risk of injustice to the parties; (2) the risk of injustice in other cases; and (3) the risk of undermining public confidence in the judicial process. This review would appropriately be conducted by the reassigned judge.

## IV. STEPS CONTEMPLATED BY THE STATUTE

Upon the filing of this Notice and Affidavit, the following steps are contemplated by 28 U.S.C. §§ 144 and 455:

1. The presiding judge proceeds no further in these cases, consistent with § 144;
2. Both Case No. 25-30906 and Case No. 25-30905 are reassigned to a judge free of any disqualifying conflict;
3. All enforcement of orders granting relief from the automatic stay — including any writ of possession, eviction scheduling, or lockout — is stayed pending reassignment and de novo review;
4. The U.S. Trustee's Rule 2004 examination scheduled for February 24, 2026, and pending motions under 11 U.S.C. §§ 707(b) and 727, are held in abeyance pending reassignment;
5. The matter of Debtors' funds seized or frozen by Wells Fargo Bank, N.A. in apparent violation of 11 U.S.C. § 362(a) is addressed by the reassigned judge;
6. The reassigned judge conducts de novo review of all prior orders as appropriate under the Liljeberg framework.

## V. PRESERVATION OF RIGHTS

Debtors are confident that the Court and the Clerk will act in accordance with the law. Nevertheless, in an abundance of caution, Debtors note for the record that the following remedies remain available in the event the statutory provisions are not given effect:

1. Appeal to the Bankruptcy Appellate Panel of the Ninth Circuit under 28 U.S.C. § 158(a);
2. Appeal to the United States District Court for the Northern District of California under 28 U.S.C. § 158(a);
3. Petition for a Writ of Mandamus under the All Writs Act, 28 U.S.C. § 1651(a);
4. Judicial Misconduct Complaint under 28 U.S.C. § 351;
5. Any and all other remedies available at law or in equity.

## VI. ADA ACCOMMODATION

CHAPTER 7NOTICE OF DISQUALIFYING CONFLICTAND ACCOMPANYING AFFIDAVITUNDER 28 U.S.C. §§ 144 AND 455(28 U.S.C. §§ 144, 455(A), (B)(1), (B)(4), (E);FED. R. BANKR. P. 5004(A))[ADA ACCOMMODATION: PAPERS-ONLY- 42 U.S.C. § 12132] - 4

Both Debtors have documented disabilities and have been granted ADA accommodations for papers-only proceedings in San Francisco Superior Court (Case Nos. CUD-25-679228, CGC-25-628811). Debtors respectfully ask that this Notice and all related proceedings be handled on papers only, without hearing, pursuant to 42 U.S.C. § 12132 and 29 U.S.C. § 794.

### VII. ACCOMPANYING AFFIDAVIT UNDER 28 U.S.C. § 144

The Affidavit required by 28 U.S.C. § 144 is filed concurrently herewith and incorporated by reference. Because Debtors are proceeding pro se, the certificate of counsel requirement is satisfied by Debtors' own good-faith declaration under penalty of perjury. See *Berger v. United States*, 255 U.S. 22 (1921); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

Debtors express their gratitude to the Court for its service and its attention to this matter. The disqualification statutes exist to protect the integrity of the judiciary and the rights of all litigants. Debtors trust that these proceedings will be handled in the manner the law provides, so that public confidence in the fairness of the American judicial system is preserved.

DATED: **February 8, 2026**

Respectfully submitted,

_____
**KAREN HAO**
Debtor Pro Per
Case No. 25-30906

_____
**LILIAN FENG**
Debtor Pro Per
Case No. 25-30905

CHAPTER 7 NOTICE OF DISQUALIFYING CONFLICT AND ACCOMPANYING AFFIDAVIT UNDER 28 U.S.C. §§ 144 AND 455(28 U.S.C. §§ 144, 455(A), (B)(1), (B)(4), (E);FED. R. BANKR. P. 5004(A))[ADA ACCOMMODATION: PAPERS-ONLY- 42 U.S.C. § 12132] - 5