Karen Hao
Lilian Feng
2142 22nd Avenue, Front Unit
San Francisco, CA 94116
Telephone: (415) 888-5198
Email: karendchao@gmail.com
Pro Per Debtors; 28 U.S.C. § 1654;
42 U.S.C. § 12132; 29 U.S.C. § 794;
U.S. Const. Amend. V, XIV

FILED
FEB 09 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

**KAREN HAO,**
Debtor.

CASE NO. 25-30906

**Chapter 7**

**AFFIDAVIT OF BIAS AND PREJUDICE UNDER 28 U.S.C. § 144**

**(Filed Concurrently with Notice of Disqualifying Conflict Under 28 U.S.C. §§ 144 and 455)**

I, Karen Hao, being duly sworn, depose and state as follows:

**PERSONAL KNOWLEDGE AND STANDING**
1. I am the Debtor in the above-captioned Chapter 7 bankruptcy proceeding. I make this Affidavit based on personal knowledge, public records, and the official court record in these cases. I am competent to testify to the matters stated herein.
2. I am also co-Debtor with Lilian Feng in the related case, Case No. 25-30905. Both cases are presently assigned to the Honorable Dennis Montali of this Court.
3. Both Debtors have documented disabilities and have been granted ADA accommodations for papers-only proceedings in San Francisco Superior Court (Case Nos. CUD-25-679228, CGC-25-628811).

**THE DISQUALIFYING FINANCIAL INTEREST**
4. Through a search of the California Department of Real Estate ("DRE") Public License Lookup database, I discovered that ▓▓▓▓ — the spouse of Judge Dennis Montali — holds an active California Real Estate Broker License, DRE License No ▓▓▓▓

CHAPTER 7 AFFIDAVIT OF BIAS AND PREJUDICE UNDER 28 U.S.C. § 144 (FILED CONCURRENTLY WITH NOTICE OF DISQUALIFYING CONFLICT UNDER 28 U.S.C. §§ 144 AND 455) - 1

5. This license was originally issued in 1983 and has been continuously active for approximately 43 years. The license listing identifies the operating address as the judge's home address.

6. A true and correct printout of the DRE Public License Lookup record for ▬▬▬▬▬ is attached to the concurrently filed Debtor's Motion for Recusal of Judge Dennis Montali as **Exhibit A** and is incorporated herein by reference.

7. These bankruptcy cases centrally involve residential real property, landlord-tenant disputes, eviction enforcement, relief-from-stay motions affecting real property rights, and disputes over a residential lease at 2142 22nd Avenue, San Francisco, CA 94116. The spouse's active real estate broker license constitutes a financial interest in the subject matter of these proceedings within the meaning of 28 U.S.C. § 455(b)(4). Under § 455(e), this disqualification cannot be waived.

**SEIZURE OF DEBTORS' FUNDS IN VIOLATION OF THE AUTOMATIC STAY**

8. Upon the filing of the bankruptcy petition, the automatic stay under 11 U.S.C. § 362(a) went into effect immediately, prohibiting any act to obtain possession of property of the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3).

9. Wells Fargo Bank, N.A. seized and/or froze Debtors' bank account funds following the filing of the bankruptcy petition, in violation of the automatic stay. These funds constituted property of the estate under 11 U.S.C. § 541(a) and were subject to mandatory turnover under 11 U.S.C. § 542(a), which provides that an entity in possession, custody, or control of property of the estate shall deliver to the trustee, and account for, such property or the value of such property.

10. These funds represented Debtors' life savings and were necessary for basic survival — food, prescription medication, housing-related expenses, and disability-related needs. Debtors have no other creditors. The sole claim against the estate is from the landlord-creditor, Zhuo Dong Lin, whose underlying state court judgment Debtors contend is void ab initio due to fraudulent service of process.

11. Debtors brought the Wells Fargo seizure to the Court's attention and sought emergency relief to compel the return of the seized funds. The Court took no action. Under 11 U.S.C. § 362(k)(1), *"an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."* Wells Fargo's seizure of Debtors' funds with knowledge of the bankruptcy filing constitutes a willful violation of the automatic stay.

12. The Chapter 7 Trustee had an affirmative duty under 11 U.S.C. § 704(a)(1) to collect and reduce to money the property of the estate, and under § 542(a) to compel turnover of estate assets from Wells Fargo. The Trustee took no action to recover these funds for the estate or for the Debtors.

13. The seizure of Debtors' life savings — without any court order authorizing it, without any legitimate creditor claim justifying it, and without any action by the Court or the Trustee to

CHAPTER 7AFFIDAVIT OF BIAS AND PREJUDICEUNDER 28 U.S.C. § 144(FILED CONCURRENTLY WITH NOTICE OF DISQUALIFYING CONFLICT UNDER 28 U.S.C. §§ 144 AND 455) - 2

remedy it — left disabled Debtors without funds for basic necessities. This is not a lawful function of bankruptcy. The automatic stay exists to protect debtors, not to serve as a mechanism by which their assets are seized without due process.

**THE PATTERN OF APPARENT PARTIALITY**

14. Since these cases were assigned to Judge Montali, I have observed a uniform pattern of outcomes that has consistently disfavored the Debtors while favoring the landlord-creditor, the U.S. Trustee, and other opposing parties. I state the following facts:

15. The Court granted relief from the automatic stay to the landlord-creditor, Zhuo Dong Lin, permitting enforcement of a state court eviction against Debtors. This eviction is based on what Debtors contend is a void default judgment obtained through fraudulent service of process, prosecuted by attorneys with conflicts of interest, in San Francisco Superior Court proceedings that were themselves tainted by judicial irregularities.

16. The Court lifted the automatic stay despite the fact that the underlying state court judgment was obtained through fraud from every angle — fraudulent service of process, attorneys acting with conflicts of interest, and a landlord who engaged in a pattern of deception. The automatic stay was the only protection standing between disabled Debtors and homelessness. The Court removed that protection.

17. Every substantive request made by opposing parties has been granted by the Court, including but not limited to:

   (a) The U.S. Trustee's requests for Rule 2004 examinations of the Debtors;
   (b) The U.S. Trustee's request for extension of time to file motions under 11 U.S.C. §§ 707(b) and 727;
   (c) The landlord-creditor's request for relief from the automatic stay;
   (d) The U.S. Trustee's ongoing pursuit of investigation and potential referral to federal authorities.

18. Every substantive motion, request for relief, and emergency filing submitted by Debtors has been denied or left unaddressed, including but not limited to:

   (a) Emergency relief to recover funds seized by Wells Fargo — ignored;
   (b) Motion for reconsideration of the order lifting the automatic stay — denied;
   (c) Every other substantive request for protection or relief — denied or unaddressed.

19. The only favorable administrative action in these cases was the granting of a fee waiver — which was processed by the Clerk of Court, not by the judge. Judge Montali has not granted Debtors a single substantive form of relief in either case.

20. The U.S. Trustee's office, specifically Trial Attorney Phillip Shine, has subjected Debtors to ongoing and disproportionate investigative pressure, including Rule 2004 examinations and threats of action under 11 U.S.C. §§ 707(b) and 727, while simultaneously failing to fulfill

CHAPTER 7 AFFIDAVIT OF BIAS AND PREJUDICE UNDER 28 U.S.C. § 144 (FILED CONCURRENTLY WITH NOTICE OF DISQUALIFYING CONFLICT UNDER 28 U.S.C. §§ 144 AND 455) - 3

the Trustee's affirmative duty to protect estate assets from seizure by Wells Fargo. **The Court has facilitated and approved every aspect of this one-sided process.**

21. Judge Montali has indicated a willingness to refer Debtors to federal authorities if the Court sees fit. This threat, combined with the Court's refusal to grant any relief to Debtors while granting every request by opposing parties, has created an environment in which disabled, pro se Debtors entered the bankruptcy system seeking protection from a fraudulent eviction and instead found themselves stripped of their life savings, subjected to investigative harassment, threatened with federal referral, and facing the very eviction they sought protection from — with the Court actively facilitating each of these outcomes.

**THE CONFLICT AND THE PATTERN**

22. Debtors do not presume to know the Court's subjective reasoning in any individual ruling. However, the now-discovered disqualifying conflict — the judge's spouse holding an active real estate broker license for 43 years — provides a factual basis that, when viewed alongside the uniform pattern of rulings favoring the landlord-creditor and real estate interests over disabled debtors, would cause any reasonable, objective observer to question the impartiality of these proceedings.

23. This is precisely the circumstance that 28 U.S.C. §§ 144 and 455 were enacted to address — not necessarily because any individual ruling was wrong, but because the integrity of the process itself must be beyond question. The disqualification statutes protect the judiciary and the public's confidence in the courts. When a pattern of outcomes aligns with a judge's undisclosed conflict, the law requires recusal regardless of subjective intent.

**TIMELINESS OF THIS AFFIDAVIT**

24. I discovered the DRE license information for ▓▓▓▓▓▓▓ on or about February 8, 2026. This Affidavit is filed at the earliest practicable opportunity following that discovery. I had no prior knowledge of the spouse's real estate broker license or its potential disqualifying effect.

**CERTIFICATE OF GOOD FAITH**

25. Because I am proceeding pro se, I certify in good faith that this Affidavit is made in good faith and not for the purpose of delay. The facts stated herein are true and correct to the best of my knowledge, information, and belief. This certificate satisfies the requirement of 28 U.S.C. § 144. See *Berger v. United States*, 255 U.S. 22 (1921); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

**CONCLUSION**

26. Based on the foregoing facts, I believe that the Honorable Dennis Montali has a personal bias or prejudice against the Debtors, or in favor of the adverse parties, and that Judge Montali's spouse holds a financial interest in the subject matter of these proceedings that requires mandatory disqualification under 28 U.S.C. § 455(b)(4).

CHAPTER 7 AFFIDAVIT OF BIAS AND PREJUDICE UNDER 28 U.S.C. § 144 (FILED CONCURRENTLY WITH NOTICE OF DISQUALIFYING CONFLICT UNDER 28 U.S.C. §§ 144 AND 455) - 4

27. I respectfully bring these facts to the attention of the Court and trust that the Court will take whatever steps the law contemplates to preserve the integrity of these proceedings, to protect disabled Debtors from further harm, and to ensure that the automatic stay and turnover provisions of the Bankruptcy Code — 11 U.S.C. §§ 362(a) and 542(a) — are enforced as Congress intended, including the return of Debtors' seized funds.

28. The bankruptcy system exists to provide a fresh start and protection to honest debtors. It does not exist to strip disabled individuals of their life savings, to facilitate fraudulent evictions, or to serve as a mechanism of punishment for those who seek its protection. Debtors entered this Court in good faith. They ask only that the law be applied fairly and impartially, by a judge free of any disqualifying conflict.

**I declare under the laws of the United States of America that the foregoing is true and correct.**

Executed on **February 8, 2026**, at San Francisco, California.

_____
**KAREN HAO**
Debtor Pro Per
Case No. 25-30906

_____
**LILIAN FENG**
Debtor Pro Per
Case No. 25-30905

CHAPTER 7 AFFIDAVIT OF BIAS AND PREJUDICE UNDER 28 U.S.C. § 144 (FILED CONCURRENTLY WITH NOTICE OF DISQUALIFYING CONFLICT UNDER 28 U.S.C. §§ 144 AND 455) - 5