Mary Liu, Esq. (SBN 349739)
maryliuesq@gmail.com
Law Office of Mary Liu
17588 Rowland Street, A186
City of Industry, CA 91748
Tel: (626) 810-3799

Attorney for Movant,
JIANJUN ZHOU

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE KAREN DC HAO aka KAREN DC FENG, | Case No. 25-30906 |
| Debtor, | Chapter 7 |
| JIANJUN ZHOU, | **MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)** |
| Movant, | |
| v. | Date: April 23, 2026 |
| KAREN DC HAO aka KAREN DC FENG, | Time: 9:30 AM<br>Location: 16th Floor, Courtroom 17<br>450 Golden Gate Ave<br>San Francisco, CA 94102 |
| Respondent. | |

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Movant, JIANJUN ZHOU ("Movant") respectfully seeks relief from the automatic stay from KAREN DC HAO aka KAREN DC FENG ("Debtor HAO") petition for Chapter 7 bankruptcy of the United States Bankruptcy Code (the "BK Petition") to allow Movant to proceed his quiet title action against Debtor HAO pending in the Los Angeles County Superior Court, Case Name: Jian Jun Zhou v. Karena Apple Feng a.k.a. Karen Derchen Hau, et al., Case No. 24STCV12582 (the "State Court Action").

This motion seeks the Court to modify the automatic stay provisions of 11 U.S.C. § 362(a), 11 U.S.C. § 362(d)(1) to allow Movant ZHOU, his agents, representatives, and successors, and any other beneficiary or trustee, and their respective agents and successors to continue the pending lawsuit as of his Cross-Complaint against Debtor HAO in a non-bankruptcy forum, a California State Court action, the "State Court Action and obtain a final judgment therein and in any appeal therefrom.

This motion is not seeking to modify with respect to any of the enforcement of any judgment against the Debtor, Trustee, or property of the bankruptcy estate. Any judgment obtained shall be brought back to this court for the proper treatment of any claims under the Bankruptcy Code. This motion is made on the following grounds: Good cause exists for relief from the automatic stay to proceed with the non-bankruptcy action to final judgment in the State Action Court because:

1.  The claims alleged in the State Court Action are non-dischargeable in nature, are claims related to the title of a real property under California State Law, and can be most expeditiously resolved in the non-bankruptcy forum;

2.  The court may grant relief from stay for cause when it is necessary to allow litigation in a non-bankruptcy court;

3.  The Automatic Stay is out of the scope of the Estate because Debtor

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)

HAO lacks of equity in the Subject Property litigated in the State Court;

    4.    The BK Court should allow the Quiet Title Action regarding the Subject Property be litigated in the State Court;

    5.    The balance of harms supports relief sought by the Movant; and

    6.    Debtor HAO filed the BK Petition in Bad Faith.

The underlying action arises from a forged grant deed purporting to transfer title to real property located at18214 Mescalero Street, Rowland Heights, CA 91748 (the "Subject Property"). Under California law, a forged deed is void ab initio and conveys no title. Accordingly, the Subject Property never became property of the bankruptcy estate under 11 U.S.C. § 541.

## II.    **BACKGROUND FACTS**

Movant is the true owner of a real property located at 18214 Mescalero Street, Rowland Heights, California 91748 (the "Subject Property"). On December 14, 2015, for valuable consideration, Monique Renee Salas as grantor transferred the Subject Property to Movant ZHOU ("December 16, 2015 Grant Deed). A true and correct copy of the December 14, 2015 Grant Deed is attached hereto as **Exhibit "1"** and incorporated herein by reference. (Decl. of Jianjun Zhou, ¶ 2)

On April 7, 2024, Debtor HAO caused a Grant Deed between Movant as Grantor and Debtor HAO as Grantee for the Subject Property to be fraudulently executed and recorded. A true and correct copy of the April 7, 2024 fraudulent Grant Deed is attached hereto as **Exhibit "2"**. (Decl. of Jianjun Zhou, ¶¶ 4, 5, 7, 8)

On May 20, 2024, Movant filed a Complaint in the Los Angeles Superior Court against KARENA APPLE FENG a.k.a. KAREN DER-CHEN HAO for 1) Financial Elder Abuse; 2) Quiet Title; 3) Cancellation of Instruments; 4) Rescission of Instruments; 5) Constructive Trust; 6) Accounting; 7) Fraud; 8) Conspiracy to Commit Fraud; 9) Aiding and Abetting Fraud; 10) Declaratory Relief; 11) Injunctive Relief; 12) Intentional Infliction of Emotional Distress; and 13) Conversion. (the "State Court Action"). A true and correct copy of the State Court

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)

Action is attached hereto as **Exhibit "3"**. (Decl. of Jianjun Zhou, ¶ 9) (Decl. of Mary Liu, ¶ 3)

The fraudulent nature of the purported transfer is particularly egregious. As alleged in the State Court Action, Debtor obtained a sample of Movant's signature under false pretenses and thereafter fabricated a grant deed transferring the Subject Property to Debtor HAO.

The purported Grant Deed was not only forged, but the notarization itself was falsified, including the unauthorized use and manipulation of a notary seal. (Decl. of Jianjun Zhou, ¶ 6)

On October 10, 2025, Movant filed a Motion for Summary Judgment against Debtor HAO to determine the following issues: 1) Whether Movant holds valid title to the Subject Property; 2) whether the Grant Deed transferring the title of the Subject Property from Movant to Debtor HAO is void as a matter of law and must be cancelled; 3) whether Movant's second cause of action for Quiet Title has any genuine issue of material fact; 4) whether Movant's third cause of action for Cancellation of Instruments has any genuine issue of material facts; 5) whether Debtor HAO's affirmative defenses has any defense in this action to the second and third cause of action (the "MSJ"). The MSJ was scheduled to be heard on January 27, 2026. (Decl of Jianjun Zhou, ¶ 10) (Decl. of Mary Liu, ¶ 4)

On November 4, 2025, Debtor HAO filed for Chapter 7 Bankruptcy in this Court. In her Bankruptcy Petition (the "BK Petition"), she listed her email address as karendchao@gmail.com. Debtor HAO did not include the Subject Property in the estate created in the BK (the "BK Estate").

It was not until about December 18, 2025 when Movant discovered that Debtor filed for bankruptcy. (Decl. of Jianjun Zhou, ¶ 11) (Decl. of Mary Liu, ¶5)

On January 12, 2026, Movant filed a Notice of Stay in the State Court Action. Attached as **Exhibit "4"** is a true and correct copy of the Notice of Stay. (Decl. of Jianjun Zhou, ¶ 12) (Decl. of Mary Liu, ¶6)

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)

As a result, on January 14, 2026, the Court in the State Court Action vacated the MSJ due to the automatic stay of Debtor's bankruptcy. Attached as **Exhibit "5"** is a true and correct copy of the minute order dated January 14, 2026. (Decl. of Jianjun Zhou, ¶ 11) (Decl. of Mary Liu, ¶ 7)

In the State Court Action, Debtor HAO has also filed documents using the email karendchao@gmail.com in the caption of the pleadings. Attached as **Exhibit "6"** is a document titled "Notice of Clarification of Identify and Misnomer" filed by Debtor HAO in the State Court Action showing this email address.

Even after Debtor HAO's bankruptcy filing, she continued to litigate in the State Court Action. By way of example, on or about November 17, 2025, which is after Debtor HAO filed for bankruptcy, she served on Movant a Motion to Dismiss for Failure to Name Real Party in Interest. Attached as **Exhibit "7"** is a true and correct copy of this motion. (Decl. of Mary Liu, ¶8)

The State Court Action involves exclusively state law claims, including quiet title, cancellation of instruments, and fraud. These claims are non-core proceedings and are more appropriately adjudicated in state court, which is the proper forum to determine interests in California real property.

There is a pattern of Debtor HAO's fraudulent acts. This fraudulent transfer of real property matter is not an isolated incident. Similar sham transfers through fraudulent grant deeds were executed by Debtor HAO against different victims pertaining to their real properties. (Decl. of Mary Liu, ¶9)

On February 22, 2024, in another unrelated but similar incident, a Grant Deed pertaining to transfer a real property located at 3473 E Sweetbay Way, Ontario, CA 91761 on February 21, 2024 from Xiangjun Li as grantor to Karen Der Chen Hao as grantee, was recorded at the County of San Bernardino Recorder's Office (San Bernardino County Assessor- Recorder- County Clerk Document Number 2024-0042671) ("San Bernardino Fraudulent Deed"). A true and correct copy of the San Bernardino Fraudulent Deed is attached hereto as **Exhibit "8"** and

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)

incorporated herein by reference. (Decl. of Mary Liu, ¶10)

The San Bernardino Fraudulent Deed includes an Acknowledgement Form stating that on February 21, 2024, Xiangjun Li appeared before Leticia Flores Latino ("Ms. Flores"), notary public, and signed the document before her. (See **Exhibit "8"**) (Decl. of Mary Liu, ¶11)

On April 8, 2024, Xiangjun Li filed a Complaint for Quiet Title against Karen Der Chen Hao at the San Bernardino Justice Center, Case No. CIVSB2407692 (the "Li v. Hao Action"). A true and correct copy of the Complaint in the Li v. Hao Action is attached hereto as **Exhibit "9"** and incorporated by reference herein. (Decl. of Mary Liu, ¶12)

The notary public, Ms. Flores, whose seal was purportedly placed on the Acknowledgement Form of the San Bernardino Fraudulent Deed, testified that she never met with Xiangjun Li on February 21, 2024. A review of her notary journal shows no entry for Xiangjun Li on February 21, 2024. Instead, she has an entry for Karen Der Chen Hao on February 21, 2024. She also testified that at the end of each notary, she contemporaneously records and documents said notarization in her log, including the date, the identity of the signer, the nature of the notarization. Additionally, she mandates all signers to sign their signatures in her journal. A true and correct copy of the Declaration of Leticia Flores Patino is attached hereto as **Exhibit "10"** and incorporated herein by reference. (Decl. of Mary Liu, ¶13)

On June 6, 2025, Xiangjun Li filed in the Li v. Hao Action a Motion for Summary Judgment on the quiet title issue against Karen Der Chen Hao. On August 26, 2025, the Court granted in the Li v. Hao Action, Plaintiff Xiangjun Li's Motion for Summary Judgment. A true and correct copy of the order granting the motion is attached hereto as **Exhibit "11"** and incorporated herein by reference. (Decl. of Mary Liu, ¶14) Thereafter, on August 28, 2025, Debtor HAO filed a motion for reconsideration requested the Court to reconsider its granting of Li's Summary Judgment Motion. The Court denied Debtor HAO's motion. (Decl. of

Mary Liu, ¶15)

After her failure to vacate the summary judgment order in the Li v. Hao Action, On December 11, 2025, the Court entered a quiet title Judgment for the real property located at 3473 E Sweetbay Way, Ontario, CA 91761 against Debtor HAO. (Decl. of Mary Liu, ¶16)

On January 8, 2026, Debtor HAO filed an appeal on the Judgment. On February 23, 2026, the Court of Appeal dismissed Debtor HAO's appeal regarding the real property located at 3473 E Sweetbay Way, Ontario, CA 91761. (Decl. of Mary Liu, ¶17)

### III. ARGUMENT AND LEGAL AUTHORITY

#### A. The Automatic Stay is Out of the Scope of the Estate Because Debtor HAO Lacks of Equity in the Subject Property

The automatic stay applies only to actions against property of the estate. 11 U.S.C. § 362(a). The scope of the estate is defined by 11 U.S.C. § 541, which includes only those legal or equitable interests in property that the debtor actually possesses as of the commencement of the case. Under California law, a stay is lifted if the creditor shows "cause," such as a lack of equity in the property, the need to proceed in another forum. Pursuant to 11 U.S.C. § 362(d)(1), the Court may grant relief from the automatic say "for cause." Cause exists here for multiple reasons. "[S]ection 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay" in appropriate circumstances. *In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992). In *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S., No. 18-938 (Jan. 14, 2020), the U.S. Supreme Court opines that a stay-relief proceeding occurs before and apart from proceedings on the merits of the creditor's claim. First, the stay-relief motion initiates a "discrete procedural sequence." Second, resolution of the stay-relief motion turns on a statutory standard (*i.e.*, "cause" or the presence of specified conditions set forth in Section 362(d)), whereas a claim-adjudication proceeding typically is governed by state

substantive law.  Although not determinative, the Court also noted that Section 157(b)(2) of Title 28 lists stay-relief proceedings separate from claim-adjudication proceedings.  *See* 28 U.S.C. § 157(b)(2)(B), (G). Similarly, Section 158(a) of Title 28 provides for appeals from bankruptcy "cases" *and* bankruptcy "proceedings."

The Court also made other observations supporting its determination of finality.  Among other things, resolution of a stay-relief proceeding can have large practical consequences in a bankruptcy case; hence, it is important to fix those consequences sooner rather than later.  Also, in other contexts, such as venue motions, orders denying a plaintiff the opportunity to seek relief in its preferred forum often qualify as final and immediately appealable.  Further, many stay-relief motions do not actually involve claims that can be pursued in another forum (*e.g.*, a motion seeking authority to repossess or liquidate collateral); such motions do not concern the forum in which a claim will be adjudicated, and thus are not part of any process of adjudicating the creditor's claim against the estate.

Although the term "cause" is not defined in the Code, courts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial. See, e.g., *Christensen v. Tucson Estates, Inc.* (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990) (stating that "where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay  as to the state court trial"); *Packerland Packing Co. v. Griffith Brokerage Co.* (In re Kemble), 776 F.2d 802, 807 (9th Cir. 1985) (affirming an order lifting the stay to permit a creditor to pursue a conversion and fraudulent conveyance action pending in the federal district court following a remand of the case by the appellate court for a retrial on the damages issue); Santa Clara, 180 B.R. at 567 (affirming an order lifting the stay to allow prosecution of a pending Title VII claim against the debtor in the federal district court). Section 362(a) 's legislative history supports this

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)

conclusion: Section 362(d) provides, in pertinent part: (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause, including the lack of adequate protection of an interest in property of such party in interest, … 11 U.S.C. § 362(d)(1) (emphasis added).

Here, the nature of the State Court Action warrants relief from stay for cause because Debtor HAO because good cause is shown to lift the Stay because Debtor HAO lacks equitable interests in property because (1) Debtor HAO did not include the Subject Property in the BK Estate, and (2) the forged Grant Deed is void *ab initio* and conveys no legal or equitable interest from Movant to Debtor HAO whatsoever. Under California law, a forged deed is void ab initio and conveys no legal or equitable interest whatsoever. A forged instrument is a complete nullity and cannot operate to transfer title, even to a subsequent transferee. Because a forged deed is void as opposed to merely voidable, it is treated as though it never existed. "A void deed passes no title, and cannot be made the foundation of a good title even under the equitable doctrine of bona fide purchase. ... Consistent with general negligence principles, our Supreme Court held long ago that "a party whose conveyance is duly recorded is not obliged to thereafter keep constant [] watch of the records, lest some party, without his consent or authority, should fraudulently or feloniously attempt to convey away his property." (*Meley v. Collins* (1871) 41 Cal. 663, 665 (*Meley*).) Specifically, the Court held that a property owner who knew a forged deed had been recorded as to her property had no duty to monitor title records and, so long as the deed was not authorized or sanctioned by the property owner, she would not be estopped to assert her valid interest as against a party deceived by the forged deed. (Id. at p. 666.) The age of an opinion does not constitute a valid ground to disregard it. (See *Auto Equity Sales, Inc. v. SuperiorCourt of Santa Clara County* (1962) 57 Cal.2d 450, 455.)

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)

As opined in *Meley v. Collins*, Debtor HAO's purported interest in the Subject Property arises solely from a forged grant deed and is currently being challenged by Movant ZHOU in the State Court Action. As alleged in the State Court Action, the deed was fabricated using Movant's signature obtained under false pretenses, and the notarization itself was falsified, including manipulation of a notary seal. Accordingly, the purported transfer is a legal nullity.

Because no valid transfer of title ever occurred, Debtor HAO never acquired any legal or equitable interest in the Subject Property. As a result, the Subject Property did not become property of the bankruptcy estate under 11 U.S.C. § 541. Where the Debtor never obtained a valid interest in the Subject Property, the Subject Property is not part of the bankruptcy estate under 11 U.S.C. § 541. As such, the Movent contends that the Automatic Stay is out of the scope of the Estate.

Moreover, Movant does not seek to impose personal liability on Debtor HAO through continuation of the State Court Action, nor to recover monetary damages from the bankruptcy estate in this motion. Rather, Movant seeks only a determination of ownership and title to the Subject Property in the State Court Action. Accordingly, continuation of the State Court Action will not interfere with the administration of the bankruptcy estate, but will instead resolve the threshold issues of whether the estate has any interest in the Subject Property. Accordingly, the automatic stay does not apply to the State Court Action, which seeks only to determine Movant's ownership rights in property that never belonged to Debtor. Thus, the Court should grant this motion.

**B. <u>The BK Court Should Allow the Quiet Title Action Regarding the Subject Property Be Litigated in the State Court</u>**

If a bankruptcy court may abstain from deciding issues that could be decided by an imminent state court trial involving the same issues, cause may exist to allow the state court trial to go forward. *Christensen v. Tucson Estates, Inc.(In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990).

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)    10

Here, the claims alleged in the State Court Action are non-dischargeable in nature, are claims related to the title of a real property under California State Law, and can be most expeditiously resolved in the non-bankruptcy forum. The State Court Action was filed prepetition and has already progressed substantially. Movant has filed a Motion for Summary Judgment, which was fully briefed and scheduled for hearing prior to the bankruptcy filing. Judicial economy strongly favors allowing the State Court Action to adjudicate the Motion for Summary Judgment rather than requiring duplication efforts in the Bankruptcy Court.

Additionally, the State Court Action involves exclusively issues of California law, including quiet title, cancellation of instruments, and fraud. These claims are non-core proceedings and are more appropriately adjudicated in state court, which is the proper forum to determine interests in California real property. Therefore, the Court should grant relief from the automatic stay to allow Movant to proceed in the State Court Action.

### C. **The Balance of Harms Supports Relief Sought by the Movant.**

Debtor HAO's claimed interest in the Subject Property arises from a forged grant deed, including a falsified notarization. As alleged, this conduct forms part of a scheme to deprive Movant of his home through fraud and manipulation. Thus, preventing Movant from proceeding would result in significant prejudice and delay, while granting relief would not prejudice Debtor HAO or the estate.

Finally, permitting the State Court Action to proceed will promote judicial efficiency by resolving a discrete and dispositive issue—whether Debtor HAO ever obtained any valid interest in the Subject Property. If the state court determines that grant deed is void, the Subject Property will not be property of the estate, thereby simplifying the administration of the bankruptcy case.

The balance of harms supports the relief sought by Movant. Accordingly,

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)

cause exists to grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Therefore, the Court should grant relief from the automatic stay to allow Movant to proceed in the State Court Action.

### D. **Debtor HAO filed the BK Petition in Bad Faith.**

The Bankruptcy was filed in bad faith and that bad faith constituted "cause" for dismissal under § 1112(b) because Debtor HAO has failed to identify any valid bankruptcy purpose to be served, but for halting Movant's efforts to quiet title on the Subject Property without any substantive merit.

The bankruptcy court may dismiss a chapter 11 case "for cause" upon the request of a party in interest and after notice and a hearing under § 1112(b)(1). Although the statute does not define "for cause," it identifies a nonexclusive list of factors that may constitute "cause." See § 1112(b)(4). However, the bankruptcy court has broad discretion in determining what constitutes "cause" under § 1112(b). *Sullivan v. Harnisch* (In re Sullivan), 522 B.R. 604, 614 (9th Cir. BAP 2014); *Pioneer Liquidating Corp. v. United States Tr.* (In re Consol. Pioneer Mortg. Entities), 248 B.R. 368, 375 (9th Cir. BAP 2000) (noting § 1112(b)(4) is "not exhaustive"), aff'd, 264 F.3d 803 (9th Cir. 2001).

In determining if a petition was filed in good faith, bankruptcy courts must review the "totality of circumstances." *Eisen v. Curry* (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1994) (per curiam); *Ellsworth v. Lifescape Med. Assocs., P.C.* (In re Ellsworth), 455 B.R. 904, 917-919 (9th Cir. BAP 2011). While the debtor's subjective intent may be relevant to this good/bad faith inquiry, it is not determinative. Marsch, 36 F.3d at 828. The bankruptcy court must determine "whether [the] debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." Id. (citing *Idaho Dep't of Lands v. Arnold* (In re Arnold), 806 F.2d 937, 939 (9th Cir. 1986)). Bankruptcy courts "may consider any factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provisions."

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)    12

Marshall, 721 F.3d at 1048 (citation modified). The Ninth Circuit has summarized the factors considered in determining the presence of bad faith as follows: (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor intended to defeat state court litigation; and (4) whether egregious behavior is present. Leavitt, 171 F.3d at 1224. "The bankruptcy court is not required to find that each [Leavitt] factor is satisfied or even to weigh each factor equally." Khan v. Barton (In re Khan), 523 B.R. 175, 185 (9th Cir. BAP 2014). Rather, "[t]he Leavitt factors are simply tools that the bankruptcy court employs in considering the totality of the circumstances." Id.

Here, as to the third Leavitt factor—intent to defeat state court litigation, Debtor HAO uses the automatic stays to halt Movant's efforts to quiet title on the Subject Property without any substantive merit. Forced by Debtor HAO's filing of the BK Petition, on January 12, 2026, Movant ZHOU filed a Notice of Stay in the State Court Action. (Decl. of Jianjun Zhou, ¶ 12) (Decl. of Mary Liu, ¶6) As a result, on January 14, 2026, the Court in the State Court Action vacated the MSJ due to the automatic stay of Debtor's bankruptcy. (Decl. of Jianjun Zhou, ¶ 11) (Decl. of Mary Liu, ¶ 7). As such, Debtor HAO achieved her halting of Movant's efforts to quiet title on the Subject Property in the State Court Action.

Moreover, there is a pattern of Debtor HAO's fraudulent acts. This fraudulent transfer of real property matter is not an isolated incident. Similar sham transfers through fraudulent grant deeds were executed by Debtor HAO against different victims pertaining to their real properties. (Decl. of Mary Liu, ¶9) On February 22, 2024, in another unrelated but similar incident, a Grant Deed pertaining to transfer a real property located at 3473 E Sweetbay Way, Ontario, CA 91761 on February 21, 2024 from Xiangjun Li as grantor to Karen Der Chen Hao as grantee, was recorded at the County of San Bernardino Recorder's Office (San

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)    19

Bernardino County Assessor- Recorder- County Clerk Document Number 2024-0042671) ("San Bernardino Fraudulent Deed").  (Decl. of Mary Liu, ¶10) After the Court entered a quiet title Judgment for the real property located at 3473 E Sweetbay Way, Ontario, CA 91761 against Debtor HAO, HAO filed an appeal and this BK proceeding, all of which were filed in bad faith.

Debtor HAO uses the BK proceeding as a vehicle not only to evade Movant's State Court Quiet Title action, but also to stop Li's enforcement of the Judgment in Li v. Hao Action against her.  The Bankruptcy was filed under a tenuous and allegedly fraudulent basis and Debtor HAO conveniently avoided Movant's summary judgment motion by filing the BK petition.

Therefore, the Court should grant relief from the automatic stay to allow Movant to proceed in the State Court Action.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Movant JIAN JUN ZHOU respectfully requests that the Court enter an order lifting the automatic stay from Debtor KAREN DC HAO aka KAREN DC FENG's petition for Chapter 7 bankruptcy of the United States Bankruptcy Code to allow Movant to proceed the quiet title action in the Los Angeles Superior Court.

Dated: March 24, 2026                     **LAW OFFICE OF MARY LIU**


                                          */s/ Mary Liu*
                                          _____
                                          Mary Liu, Esq.
                                          Attorney for Movant,
                                          JIANJUN ZHOU

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)    14

## DECLARATION OF JIANJUN ZHOU

I, Jianjun Zhou, declare as follows:

1.	I am the Plaintiff in the state court action titled Jian Jun Zhou v. Karena Apple Feng a.k.a. Karen Der-Chen Hao (Case No. 24STCV12582), currently pending in the Los Angeles County Superior Court (the "State Court Action"). I am also the Movant in this Motion for Relief From Automatic Stay. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.	I am the owner of the real property located at 18214 Mescalero Street, Rowland Heights, California 91748 (the "Subject Property"). On December 14, 2015, for valuable consideration, Monique Renee Salas as grantor transferred to the Subject Property to me ("December 16, 2015 Grant Deed). A true and correct copy of the December 16, 2015 Grant Deed is attached hereto as **Exhibit "1"** and incorporated herein by reference.

3.	Since I purchased the Subject Property, I have continuously maintained ownership of the Subject Property.

4.	I have never sold, transferred, or conveyed the Subject Property to Debtor HAO, or to any other person.

5.	I did not sign any grant deed transferring the Subject Property to Debtor HAO.

6.	I did not appear before any notary public to execute any grant deed transferring the Subject Property to Debtor HAO.

7.	Any grant deed purporting to transfer the Subject Property from me to Debtor HAO is not genuine and was not authorized by me.

8.	I later learned that a grant deed dated April 7, 2024, had been recorded in the County of Los Angeles purporting to transfer the Subject Property to Debtor HAO. I did not authorize or consent to this transfer. A true and correct copy of the April 7, 2024 fraudulent Grant Deed is attached hereto as **Exhibit "2"**.

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. §362(d)	15

9. On May 20, 2024, as a result of this fraudulent grant deed, I filed the State Court Action seeking, among other things, to quiet title to the Subject Property and to cancel the fraudulent instrument. A true and correct copy of the State Court Action is attached hereto as **Exhibit "3"**.

10. On October 10, 2025, I filed a Motion for Summary Judgment in the State Court Action to determine the following issues: 1) Whether Movant holds valid title to the Subject Property; 2) whether the Grant Deed transferring the title of the Subject Property from Movant to Debtor HAO is void as a matter of law and must be cancelled; 3) whether Movant's second cause of action for Quiet Title has any genuine issue of material fact; 4) whether Movant's third cause of action for Cancellation of Instruments has any genuine issue of material facts; 5) whether Debtor HAO's affirmative defenses has any defense in this action to the second and third cause of action (the "MSJ"). The MSJ was scheduled to be heard on January 27, 2026.

11. On or about December 18, 2025, I learned that Debtor HAO filed for Chapter 7 bankruptcy in this Court.

12. Forced by Debtor HAO's filing of the BK Petition, on January 12, 2026, I filed a Notice of Stay of Proceedings in the State Court Action. Attached hereto as **Exhibit "4"** is a true and correct copy of the Notice of Stay.

13. On January 14, 2026, the Court in the State Court Action vacated my MSJ due to Debtor HAO's automatic stay of bankruptcy proceedings. Attached as **Exhibit "5"** is a true and correct copy of the minute order vacating the MSJ.

14. I seek relief from the automatic stay in order to continue the State Court Action and obtain a determination that the grant deed is void and that I retain ownership of the Subject Property.

///

///

///

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this ___ th day of March 2026, at Rowland Heights, California.

_____
Jianjun Zhou

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 17 of 103

# DECLARATION OF MARY LIU

I, Mary Liu, declare as follows:

1. I am an attorney duly licensed to practice before all courts of the State of California and this Court. I am counsel of record for Movant JIANJUN ZHOU ("Movant") in the above-captioned matter. I have personal knowledge of the facts set forth herein, except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called as a witness, I could and would competently testify thereto.

2. I am counsel for Movant in the action Jian Jun Zhou v. Karena Apple Feng a.k.a. Karen Der-Chen Hao (Case No. 24STCV12582), currently pending in the Los Angeles County Superior Court (the "State Court Action").

3. On May 20, 2024, Movant filed the State Court Action against KARENA APPLE FENG, also known as KAREN DER-CHEN HAO ("Debtor HAO"), asserting causes of action including quiet title, cancellation of instruments, and fraud. A true and correct copy of the State Court Action is attached hereto as **Exhibit "3"**.

4. On October 10, 2025, Movant filed a Motion for Summary Judgment against Debtor HAO

to determine the following issues: 1) Whether Movant holds valid title to the Subject Property; 2) whether the Grant Deed transferring the title of the Subject Property from Movant to Debtor HAO is void as a matter of law and must be cancelled; 3) whether Movant's second cause of action for Quiet Title has any genuine issue of material fact; 4) whether Movant's third cause of action for Cancellation of Instruments has any genuine issue of material facts; 5) whether Debtor HAO's affirmative defenses has any defense in this action to the second and third cause of action (the "MSJ"). The MSJ was scheduled to be heard on January 27, 2026.

5. On or about December 18, 2025, Movant discovered that Debtor HAO

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)    18

filed for bankruptcy.

6.      On January 12, 2026, Movant filed a Notice of Stay in the State Court Action. Attached as **Exhibit "4"** is a true and correct copy of the Notice of Stay.

7.      On January 14, 2026, the Court in the State Court Action vacated the MSJ due to the automatic stay of Debtor's bankruptcy. Attached as **Exhibit "5"** is a true and correct copy of the minute order dated January 14, 2026.

8.      Even after Debtor HAO's bankruptcy filing, she continued to litigate in the State Court Action. By way of example, on or about November 17, 2025, which is after Debtor HAO filed for bankruptcy, she served on Movant a Motion to Dismiss for Failure to Name Real Party in Interest. Attached as **Exhibit "7"** is a true and correct copy of this motion.

9.      There is a pattern of Debtor HAO's fraudulent acts.  This fraudulent transfer of real property matter is not an isolated incident. Similar sham transfers through fraudulent grant deeds were executed by Debtor HAO against different victims pertaining to their real properties.

10.     On February 22, 2024, in another unrelated but similar incident, a Grant Deed pertaining to transfer a real property located at 3473 E Sweetbay Way, Ontario, CA 91761 on February 21, 2024 from Xiangjun Li as grantor to Karen Der Chen Hao as grantee, was recorded at the County of San Bernardino Recorder's Office (San Bernardino County Assessor- Recorder- County Clerk Document Number 2024-0042671) ("San Bernardino Fraudulent Deed").  A true and correct copy of the San Bernardino Fraudulent Deed is attached hereto as **Exhibit "8"** and incorporated herein by reference

11.     The San Bernardino Fraudulent Deed includes an Acknowledgement Form stating that on February 21, 2024, Xiangjun Li appeared before Leticia Flores Latino ("Ms. Flores"), notary public, and signed the document before her. (See **Exhibit "8"**)

12.     On April 8, 2024, Xiangjun Li filed a Complaint for Quiet Title against

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)     19

Karen Der Chen Hao at the San Bernardino Justice Center, Case No. CIVSB2407692 (the "Li v. Hao Action"). A true and correct copy of the Complaint in the Li v. Hao Action is attached hereto as **Exhibit "9"** and incorporated by reference herein

13. The notary public, Ms. Flores, whose seal was purportedly placed on the Acknowledgement Form of the San Bernardino Fraudulent Deed, testified that she never met with Xiangjun Li on February 21, 2024. A review of her notary journal shows no entry for Xiangjun Li on February 21, 2024. Instead, she has an entry for Karen Der Chen Hao on February 21, 2024. She also testified that at the end of each notary, she contemporaneously records and documents said notarization in her log, including the date, the identity of the signer, the nature of the notarization. Additionally, she mandates all signers to sign their signatures in her journal. A true and correct copy of the Declaration of Leticia Flores Patino is attached hereto as **Exhibit "10"** and incorporated herein by reference.

14. On June 6, 2025, Xiangjun Li filed in the Li v. Hao Action a Motion for Summary Judgment on the quiet title issue against Karen Der Chen Hao. On August 26, 2025, the Court granted the Motion for Summary Judgment in the Li v. Hao Action. A true and correct copy of the order granting the motion is attached hereto as **Exhibit "11"** and incorporated herein by reference.

15. Thereafter, on August 28, 2025, Debtor HAO filed a motion for reconsideration for the Court to reconsider its granting of Li's Summary Judgment Motion. The Court denied Debtor HAO's motion.

16. After her failure to vacate the summary judgment order made in the Li v. Hao Action, On August 28, 2025, the Court entered a quiet title Judgment for the real property located at 3473 E Sweetbay Way, Ontario, CA 91761 against Debtor HAO.

17. On January 8, 2026, Debtor HAO filed an appeal on the Judgment.

18. On February 23, 2026, the Court of Appeal dismissed Debtor HAO's appeal regarding the real property located at 3473 E Sweetbay Way, Ontario, CA 91761.

I declare under penalty of perjury under the laws of the United State and the State of California that the foregoing is true and correct. Executed this 24th day of March, 2026.

_____/s/ Mary Liu_____

Mary Liu

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)    21

# Exhibit "1"

 This page is part of your document - DO NOT DISCARD

## 20160058785



**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**01/19/16 AT 08:00AM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 506.00 |
| OTHER: | 0.00 |
| PAID: | 528.00 |



**L E A D S H E E T**



201601190280001

00011613739



007333183

**SEQ:**
**10**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T21

~ Non-Order Search
Doc: 2016-58785 DEG 01-19-2016
Page 1 of 2
Requested By: Carol Cadena , Printed: 5/2/2024 1:06 PM

Fidelity National Title Company

RECORDING REQUESTED BY:
C. Gull Escrow Inc.
Order No. #119430 995TCA
Escrow No. 22893LM
Parcel No. #8268-016-015

AND WHEN RECORDED MAIL TO:

JIAN JUN ZHOU
18214 MESCALERO STREET
ROWLAND HEIGHTS, CA 91748



01/19/2016

*20160058785*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS **$506.00** and CITY $

- ☑ computed on full value of property conveyed, or
- ☐ computed on full value less liens or encumbrances remaining at the time of sale.
- ☐ unincorporated area:       ☒ Rowland Heights, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Monique Renee Salas, an unmarried woman**

hereby GRANT(S) to   **Jian Jun Zhou.** A Single Man

the following described real property in the County of **Los Angeles**, State of California:
Lot 84  of Tract No. 25428  in the City of Rowland Heights, County of Los Angeles, State of California, as per map recorded in Book 653 Page(s) 33-37 filed in the Office of the County Recorder of Los Angeles County.
More commonly known as: **18214 Mescalero Street, Rowland Heights, CA  91748**

Date       December 14, 2015

*Monique Renee Salas*
Monique Renee Salas

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF San Luis Obispo   } S.S.

On December 21, 2015 , before me, C. Dasmann, Notary Public ,
personally appeared **Monique Renee Salas**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  (Seal)

C. DASMANN
Commission # 2068109
Notary Public - California
San Luis Obispo County
My Comm. Expires May 13, 2018

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

---

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 24 of 103

# Exhibit "2"

This page is part of your document - DO NOT DISCARD

**20240246312**



Pages:
0005



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/15/24 AT 01:12PM**

| | | |
|---|---|---|
| FEES: | | 33.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 33.00 |



**LEADSHEET**



202404150170035

00024376435



014636094

SEQ:
01

SECURE - Daily



**THIS FORM IS NOT TO BE DUPLICATED**

E13-20240415_____40

Δ π EXHIBIT ___
Deponent LIU
Date 12-20-24 Rptr. 9533
WWW.DEPOBOOKPRODUCTS.COM

Case: 25-30906    Doc# 117    Filed: 03/25/26    Entered: 03/25/26 10:15:35    Page 26 of
103

Recording requested by:

Jian Jun Zhou

18214 Mescalero Street

Rowland Heights, CA 91748

Once recorded, return to:

Karen Der-Chen Hao

18214 Mescalero Street

Rowland Heights, CA 91748

Send tax statements to:

Karen Der-Chen Hao

18214 Mescalero Street

Rowland Heights, CA 91748

Assessor's Parcel No:
8268-016-015

This Space for Recorder's Use Only

# California Grant Deed

State of  California

County of  Los Angeles

The undersigned Grantor hereby declares:

☐ The following taxes are due

DOCUMENTARY TRANSFER TAX: $ 0 (zero)          CITY TRANSFER TAX: $ 0 (zero)

☑ computed on the consideration or full value
of the property conveyed, or

☐ computed on consideration or full value less the value of
liens or encumbrances remaining at time of sale

The property conveyed is located in ☑ the City of Rowland Heights _____ or ☐ an
unincorporated area of the county.

or

☑ The property is exempt from transfer taxes for the following reason:

1) Exempt from fee per GC 27388.1 recorded in connection with a transfer of real property that
is a residential dwelling to an owner-occupier.

2) This conveyance establishes sole and separate property of a spouse, R & T 11911.

**KNOW ALL MEN BY THESE PRESENTS**, that for good and sufficient consideration paid to

Jian Jun Zhou _____ ,  A  Single  Man

with an address of  18214 Mescalero Street, Rowland Heights, CA 91748

(the "Grantor" or "Grantors"), does/do hereby grant, bargain, and sell, and convey and confirm to

Page 1 of 4

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 27 of 103

<u>Karen Der-Chen Hao</u> , <u>A Married Woman Sole & Separate Property</u>

with an address of <u>18214 Mescalero Street, Rowland Heights, CA 91748</u>

(the "Grantee" or Grantees"), its successors and assigns the property described in Exhibit A,

lying, being and situate in <u>Los Angeles</u> County, California.

**SUBJECT TO:** easements, restrictions, reservations, and other agreements and matters of record, if any.

**TO HAVE AND TO HOLD** the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging unto the said Grantee and its successors and assigns, forever; the said Grantor hereby covenanting that the said premises are free and clear from any encumbrance, except as set forth above, that it is lawfully seized of an indefeasible estate in fee simple to said premises and may convey the same, and that it will warrant and defend the title to said premises unto said Grantee and its successors and assigns, forever, against the lawful claims and demands of all persons whomsoever, except real property taxes for the year <u>2024</u> and thereafter.

**IN WITNESS WHEREOF**, the Grantor(s) has/have duly executed this instrument as of the date hereinunder.

Grantor Signature: _____ Date: <u>April 7, 2024</u>

Printed Name: Jian Jun Zhou

Grantor Signature: _____ Date: _____

Printed Name: _____

Page 2 of 4

Non-Order Search
Doc: 2024-246312 DEG 04-15-2024

Requested By: Carol Cadena , Printed: 5/1/2024 10:31 AM

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 28 of 103

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of SAN BERNARDINO)

On APRIL 7, 2024 before me, GUO XIONG LIU, NOTARY PUBLIC
(insert name and title of the officer)

personally appeared JIAN JUN ZHOU,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

GUO XIONG LIU
Notary Public - California
Riverside County
Commission # 2347258
My Comm. Expires Feb 16, 2025

Signature _Guo Xiong Liu_ (Seal)

Non-Order Search
Doc: 2024-246312 DEG 04-15-2024

Page 4 of 5

Requested By: Carol Cadena , Printed: 5/1/2024 10:31 AM

## EXHIBIT A

Legal description of the real property being conveyed by this instrument.

The following described real property in the County of Los Angeles, State of California:

Lot 84 of Tract No.25428 in the City of Rowland Heights, County of Los Angeles, State of California, a

More commonly known as: 18214 Mescalero Street, Rowland Heights, CA 91748

Page 4 of 4

# Exhibit "3"

JACQUES CHEN, ESQ. SBN 113399
2029 Century Park East, Suite 400
Los Angeles, CA 90067
Phone Number (310) 201-4382
Email: jchen028@gmail.com

Attorneys for Jian Jun Zhou

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/20/2024 9:07 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JIAN JUN ZHOU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KARENA APPLE FENG a.k.a. KAREN DER-CHEN HAO; HAN HAO; and DOES 1-30, inclusive,<br><br>Defendants. | Case No.: 24STCV12582<br><br>**PLAINTIFF'S VERIFIED COMPLAINT FOR:**<br><br>1) **FINANCIAL ELDER ABUSE;**<br>2) **QUIET TITLE;**<br>3) **CANCELLATION OF INSTRUMENTS [CIV. CODE § 3412];**<br>4) **RESCISSION OF INSTRUMENTS;**<br>5) **CONSTRUCTIVE TRUST;**<br>6) **ACCOUNTING;**<br>7) **FRAUD;**<br>8) **CONSPIRACY TO COMMIT FRAUD;**<br>9) **AIDING AND ABETTING FRAUD;**<br>10) **DECLARATORY RELIEF;**<br>11) **INJUNCTIVE RELIEF;**<br>12) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**<br>13) **CONVERSION.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JIAN JUN ZHOU brings this Verified Complaint against Defendants KARENA APPLE FENG AKA KAREN DER-CHEN HAO; HAN HAO; and DOES 1-30, inclusive, as follows:

### PARTIES

- 1 -
VERIFIED COMPLAINT

1. Plaintiff JIAN JUN ZHOU (hereinafter referred to as "Plaintiff") is an individual who at all times herein mentioned resides in the County of Los Angeles, State of California.

2. Defendant KARENA APPLE FENG a.k.a. KAREN DER-CHEN HAO (hereinafter referred to as "KARENA") is an individual who at all times herein mentioned resides in the County of San Francisco, State of California. Plaintiff is informed and believes, and thereon alleges that KARENA is Defendant HAN HAO's wife or domestic partner. Plaintiff is informed and believes, and thereon alleges that KARENA does business as a real estate consultant in the County of Los Angeles.

3. Defendant HAN HAO (hereinafter referred to as "HAN HAO") is an individual who at all times herein mentioned resides and does business in in the County of Los Angeles, State of California. Plaintiff is informed and believes, and thereon alleges that HAN HAO is Defendant KARENA's husband or domestic partner.

4. Plaintiff is presently unaware of the names or capacities of the defendants named in this Verified Complaint as DOES 1 through 30, inclusive, and therefore sues said defendants by said fictitious names. Plaintiff will seek leave of Court to amend this Verified Complaint to allege the true names and capacities of said defendants when they have been ascertained. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned each of said fictitiously named defendants is responsible in some manner for the acts, omissions and damages alleged in this Verified Complaint.

5. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned in this Verified Complaint, all defendants, including fictitiously named defendants, DOES 1 through 30, were the agents, servants, alter egos, affiliates, employers, principals, and/or employees of each other and engaged in the conduct alleged herein within the course, scope and authority of their respective capacities.

**JURISDICTION AND VENUE**

6. The amount in controversy exceeds the jurisdictional minimum of this Court. At all times alleged herein, Defendants were residents of, or were doing business in, the State of California, County of Los Angeles.

- 2 -
VERIFIED COMPLAINT

Case: 25-30906 Doc# 117 Filed: 03/25/26 Entered: 03/25/26 10:15:35 Page 33 of 103

7. Jurisdiction is proper in the above-entitled Court because this action arose from conduct which occurred in Los Angeles County, State of California. The subject property is also located in Los Angeles County, State of California.

8. Jurisdiction is also proper in Los Angeles County because Defendants maintain their principal place of business in Los Angeles County.

9. Venue in this Court is proper pursuant to sections 395 and 395.5 of the Code of Civil Procedure in that at all relevant times herein, Defendants conducted substantial business and/or committed violations of law in the County of Los Angeles.

## FACTUAL ALLEGATIONS
### Plaintiff's Ownership of the Property

10. Plaintiff is an 71-year-old man, born in 1953.

11. Plaintiff is an "elder" as defined in California Welfare and Institutions Code § 15610.27.

12. On January 19, 2016, Plaintiff purchased real property (hereinafter referred to as "Property"). Property is located at 18214 Mescalero, Rowland Heights, California 91748 and is more particularly described as follows:

> Lot 84 of Tract No. 25428 in the City of Rowland Heights, County of
> Los Angeles, California.

13. Since its purchase, Plaintiff has resided at Property, and continues to do so to this day.

14. Prior to Defendants' conduct and unlawful actions, as described in greater detail below, Plaintiff has owned Property free and clear with title in his name.

### Defendants' Fraud Against Plaintiff

15. Plaintiff is informed and believes, and thereon alleges that in or about early 2024 or late 2023, Defendants created a plan and scheme to defraud Plaintiff of his title, ownership, and possession of the Property. Said scheme was based on information provided by Plaintiff when he informed HAN HAO and KARENA ( hereinafter collectively, "Defendants") of Plaintiff's property, assets, debts, and bank accounts.

- 3 -
VERIFIED COMPLAINT

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 34 of 103

16. On or about January 4, 2023, HAN HAO met Plaintiff and entered into a rental agreement whereby HAN HAO rented a room from Plaintiff at the Property. The rental rate was $700. Per month on a month to month basis.

17. Around December, 2023, HAN HAO made representations to Plaintiff that HAN HAO was going to get married to KARENA. HAN HAO asked Plaintiff to act as a witness for his civil wedding. It was at this time that Defendant's obtained a sample of Plaintiff's signature.

18. Around March, 2024, KARENA AND HAN HAO made representations that the purpose of KARENA moving into the Property and renting a second bedroom was because KARENA AND HAN HAO were married and more space. Defendants had no intention of moving in and occupying the rooms as tenants. In fact Defendants were creating a ruse to establish residency and control at the Property. KARENA caused a new Department of Motor Vehicles license to issue. KARENA had a license issued under the name of Karena Apple Feng on March 24, 2021 and then established a new identity under a new name of Karen Der-Chen Hao Department of Motor Vehicles license issued on March 28, 2024.

19. On April 7, 2024, unbeknownst to Plaintiff, Defendants caused a Grant Deed (hereinafter, "Grant Deed") between Plaintiff JIAN JUN ZHOU as Grantor and Defendant Karen Der-Chen Hao as Grantee for Property to be fraudulently executed and recorded. A true and correct copy of the April 7, 2024, Grant Deed is attached and labeled as **Exhibit "A"**, and is fully incorporated herein. Plaintiff's signature on the Grant Deed was forged and confirmed by Plaitiff. Plaintiff spoke to the notary public Guo Xiong Liu. He informed Plaintiff that KARENA forged and also forged his signature on the Acknowledgement form and photoshopped the notary's seal.

20. On or about April 27, 2024, Plaintiff was informed by KARENA and HAN HAO that he was no longer the owner of the Property. Plaintiff was upset and confused about the revelation. Plaintiff demanded an explanation but received no response.

21. Subsequently, that same day, KARENA and HAN HAO contacted the Los Angeles County Sheriff's Dept. and caused deputies to be sent out to the Property. KARENA and HAN HAO informed the deputies that Plaintiff had assaulted KARENA and HAN HAO and was mentally unstable. Due to the fact Plaintiff did not speak English, KARENA and HAN HAO

- 4 -
VERIFIED COMPLAINT

Case: 25-30906    Doc# 117    Filed: 03/25/26    Entered: 03/25/26 10:15:35    Page 35 of 103

convinced the Sheriff's deputies to contact mental health professionals and staff to restrain and transport Plaintiff to a psychiatric hospital named College Hospital in Cerritos, CA. Plaintiff was institutionalized against his will. Plaintiff was subsequently discharged on May 1, 2024.

22. Plaintiff was never informed or understood the contents or effect of the Grant Deed document as he was not aware of the Grant Deed transfer until after April 7, 2024. Plaintiff's signature for said document was obtained by Defendants through forgery and fraud.

23. Plaintiff never consented to transferring title and ownership of Property to Defendant KARENA. Plaintiff was not present when Plaintiff's signature was fraudulently obtained.

24. Upon discharge from the psychiatric hospital and returning to Property, Plaintiff was in shock and disbelief that Defendants had installed a security camera system, changed the locks to the house and posted "DO NOT TRESPASS" signs on the front, side and rear of Property.

25. Plaintiff further discovered upon returning to his house that on April 24, 2024, KARENA had stolen his 2011 Nissan, his U.S. passport, 5 credit cards and a Bank of America bank card (hereinafter referred to as "Personal Property").

## PLAINTIFF IS ENTITLED TO AN AWARD OF PUNITIVE DAMAGES AGAINST ALL DEFENDANTS, JOINTLY AND SEVERALLY

26. Plaintiff is informed and believes, and thereon alleges that Defendants engaged in the wrongful, unlawful, and fraudulent conduct, as described above, and that Defendants committed said acts of malice when Defendants each engaged in intentional and despicable conduct to cause financial injury to Plaintiff and loss of his Property, which was carried on by Defendants with a willful and conscious disregard of the property rights of Plaintiff.

27. Plaintiff is informed and believes, and thereon alleges that Defendants committed acts of oppression, as described above, when Defendants each engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's property rights.

28. Plaintiff is informed and believes, and thereon alleges that Defendants committed acts of fraud, as described above, when Defendants made intentional misrepresentations, deceived, and concealed material facts known to Defendants, as alleged above, with the intention on the part

- 5 -
VERIFIED COMPLAINT

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 36 of 103

of Defendants to thereby deprive Plaintiff of property and legal rights and causing him tremendous financial injury.

29. Plaintiff is informed that KARENA and HAN HAO, were personally guilty of oppression, fraud, or malice, and had advanced knowledge of, authorized, and/or ratified the wrongful conduct perpetrated by Defendants, as described above, for which punitive damages should be awarded to Plaintiff.

30. As a legal, direct, and proximate result of the malicious, oppressive, fraudulent, and unlawful conduct by Defendants, Plaintiff was defrauded of his title and ownership of the Property and incurred financial harm, as alleged above.

31. As a result of Defendants' financial elder abuse against Plaintiff, Plaintiff is also entitled to recover punitive and exemplary damages pursuant to California Welfare and Institutions Code § 15657.5 and California Civil Code § 329 4.

### FIRST CAUSE OF ACTION
### FINANCIAL ELDER ABUSE
**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

32. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

33. At all times relevant herein, Plaintiff was over sixty-five (65) years of age and thus an "elder" as defined by California Welfare and Institutions Code § 15610.27.

34. According to California Welfare and Institutions Code section 15610.30(a), financial abuse of an elder occurs when a person does any of the following:

(1) Takes, secretes, appropriates, obtains or retains real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both.

(2) Assists in taking, secreting, appropriating, obtaining or retaining real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both.

- 6 -
VERIFIED COMPLAINT

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 37 of 103

(3) Takes, secrets, appropriates, obtains, or retains, or assist in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder by undue influence.

35. A person is deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person "takes, secretes, appropriates, obtains, or retains the property and the person . . . knew or should have known that this conduct is likely to be harmful to the elder." Cal. Wel. & Inst. Code § 15610.30(b).

36. Further, a person "takes, secretes, appropriates, obtains, or retains real or personal property when an elder . . . is deprived of any property right, including by means of an agreement, donative transfer, or testamentary bequest, regardless of whether the property is held directly or by a representative of an elder." *Id.* § 15610.30(c).

37. Plaintiff is informed and believes, and thereon alleges that Defendants fraudulently caused Plaintiff to be deprived of title and ownership of the Property in favor of Defendant KARENA against his wishes through the fraudulent execution and recordation of instruments, fraud, coercion, undue influence, fear and intimidation, including falsely representing to him that if he did not cooperate with them, he would lose title and ownership of the Property because KARENA alleged harassment by Plaintiff.

38. Plaintiff is informed and believes, and thereon alleges that, in so doing, Defendants knew or should have known that their conduct was likely to be harmful to Plaintiff.

39. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been deprived of any and all rightful interest she had in the Property.

40. Plaintiff is informed and believes, and thereon alleges that the conduct of Defendants constituted recklessness, oppression, fraud, and malice in the commission of the financial elder abuse. As such, Plaintiff is entitled to recover punitive and exemplary damages pursuant to California Welfare and Institutions Code § 15657.5 and California Civil Code § 3294.

41. In addition to all other remedies provided by law, Plaintiff is entitled to recover reasonable attorneys' fees and costs for said financial elder abuse, pursuant to California Welfare and Institutions Code § 15657.5.

- 7 -
VERIFIED COMPLAINT

## SECOND CAUSE OF ACTION
## QUIET TITLE
### Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE

42. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

43. Plaintiff is the rightful, fee simple owner of the Property at issue in this proceeding. The basis of Plaintiff's claim for title and ownership of the Property is that he purchased Property for good and valuable consideration in or about January, 2016.

44. Plaintiff is informed and believes, thereon alleges that Defendant KARENA aka KAREN DER-CHEN HAO claims an interest adverse to Plaintiff's title in Property.

45. Plaintiff is informed and believes, thereon alleges that Defendant KARENA aka KAREN DER-CHEN HAO, claims an interest adverse to Plaintiff's title in Property.

46. Said Defendant's claims are without any right whatsoever and Defendant KARENA has no right, title, estate, lien, or interest whatsoever in the Property, or any part of said Property.

47. Plaintiff seeks to quiet title against the adverse claims of said Defendant, including ALL UNKNOWN PERSONS and DOES 1 through 30, inclusive, as of the date of the filing of this Complaint with respect to the Property.

## THIRD CAUSE OF ACTION
## CANCELLATION OF INSTRUMENTS
### [CALIFORNIA CIVIL CODE § 3412]

### Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE

48. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

49. Plaintiff is informed and believes, and thereon alleges that there is in existence unauthorized instruments including, **Exhibit "A"** inclusively, which is attached hereto, and is fully incorporated herein.

50. Plaintiff is informed and believes, and thereon alleges that these unauthorized instruments are invalid, void, or voidable because Plaintiff never knowingly relinquished his

- 8 -
VERIFIED COMPLAINT

interest in the Property or granted any such interests to Defendant KARENA aka KAREN DER-CHEN HAO; ALL UNKNOWN PERSONS; or DOES 1 – 50, INCLUSIVE.

51. Plaintiff is informed and believes, and thereon alleges that the ongoing recordation of the above referenced Exhibit was without the consent of Plaintiff and leaves a wrongful cloud on title to the Property. Plaintiff is informed and believes, and thereon alleges that he did not ever knowingly authorize said instruments to remain as a cloud on title to the Property.

52. As a result of said Defendants' wrongful and fraudulent conduct, Plaintiff has a reasonable apprehension of serious injury and has suffered significant financial injuries, loss of rightful title and ownership of the Property, and emotional distress.

**FOURTH CAUSE OF ACTION**
**RESCISSION OF INSTRUMENTS**
**Against Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

53. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

54. Pursuant to California Civil Code § 39, "a conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before the incapacity of the person has been judicially determined, is subject to rescission."

55. Further, pursuant to California Civil Code section 1689 (b)(1), a party may rescind a contract "if the consent of the rescinding party . . .was obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interest with such party."

56. Plaintiff is informed and believes, and thereon alleges that Plaintiff executed the above referenced Exhibit "A" conveying title or an interest in the Property in favor of Defendant KARENA, due to his age, unsound mind and weakness of understanding, combined with fraud by Defendant KARENA, and all transactions between Plaintiff and Defendant KARENA should be rescinded.

**FIFTH CAUSE OF ACTION**
**CONSTRUCTIVE TRUST**
**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

- 9 -
VERIFIED COMPLAINT

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 40 of 103

57. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

58. Plaintiff is informed and believes, and thereon alleges that by virtue of their wrongful and fraudulent acts as alleged above, Defendant, hold the Property as constructive trustees for Plaintiff's benefit.

59. Plaintiff is informed and believes, and thereon alleges that he has no adequate remedy at law for the injuries he has suffered and will continue to suffer in the future due to said defendants' wrongful conduct unless they are restrained and enjoined because each of the Property is so unique that its loss cannot be compensated in damages.

60. Plaintiff seeks a temporary restraining order and injunctive relief against said defendants and their agents, employees, servants, or any other person acting with them, from selling, transferring, or encumbering the Property or interfering with Plaintiff's possession of the Property through legal proceedings or otherwise.

**SIXTH CAUSE OF ACTION**
**ACCOUNTING**
**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

61. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

62. Plaintiff is informed and believes, and thereon alleges that, as a result of the above-described actions, Defendants have received funds and other personal property to which Plaintiff is entitled and to which Defendants are not entitled.

63. Plaintiff is informed and believes, and thereon alleges that the exact sum of monies and other assets received and held by Defendants, as described above, is and are not known to Plaintiff and cannot be ascertained without an accounting of all transactions.

64. Plaintiff is informed and believes, and thereon alleges that Defendants have sufficient records and information to account for the funds and personal property described above.

- 10 -
VERIFIED COMPLAINT

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 41 of 103

65. Plaintiff is informed and believes, and thereon alleges that Defendants signed documents to wrongfully place liens on the Property, or to wrongfully transfer title and ownership of said Property.

66. Plaintiff therefore seeks an order from the Court rescinding and voiding these instruments.

### SEVENTH CAUSE OF ACTION
### FRAUD
**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

67. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

68. Plaintiff is informed and believes, and thereon alleges that the representations of Defendants KARENA, HAN HAO; and DOES 1 – 50, INCLUSIVE, to Plaintiff, as described above, were false.

69. Plaintiff is informed and believes, and thereon alleges that said Defendants knew the representations were false when the representations were made or said Defendants made the representations recklessly and without regard for their truth.

70. Plaintiff is informed and believes, and thereon alleges that said Defendants intended that Plaintiff rely on the representations when they were made.

71. Plaintiff is informed and believes, and thereon alleges that her reliance on said defendants' representations was a substantial factor in causing Plaintiff's financial injuries and loss of the Property, in addition to emotional distress.

72. Plaintiff is informed and believes, and thereon alleges that the conduct of said defendants constituted recklessness, oppression, fraud, and malice in the commission of the financial elder abuse. As such, Plaintiff is entitled to recover punitive and exemplary damages pursuant to California Welfare and Institutions Code section 15657.5 and California Civil Code section 3294.

### EIGHTH CAUSE OF ACTION
### CONSPIRACY TO COMMIT FRAUD

- 11 -
VERIFIED COMPLAINT

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 42 of 103

**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

73. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

74. Plaintiff was harmed by the fraud perpetrated by Defendants KARENA and HAN HAO (hereinafter, the "Defrauders").

75. Defendants KARENA and HAN HAO. (hereinafter, the "Conspirators") are jointly and severally responsible for the harm caused by the Defrauders because the Conspirators were part of a conspiracy to defraud Plaintiff of her real Property and monies.

76. At all times alleged herein, an agreement existed between the Defrauders and the Conspirators to commit the wrongful acts as alleged herein. Plaintiff is informed, believes, and thereon alleges that said agreement was made orally, and was also implied by their conduct between each other and against Plaintiff, as alleged herein.

77. At all times alleged herein, the Conspirators were aware that the Defrauders planned to defraud Plaintiff of her real Property and monies.

78. The Conspirators agreed with the Defrauders and intended that the wrongful taking of Plaintiff's real Property and monies be committed.

79. The Conspirators assisted, facilitated, aided and abetted, and conspired with the Defrauders in defrauding Plaintiff of her real Property and monies.

80. Plaintiff was harmed by the Conspirators' wrongful acts, which were a substantial factor in causing Plaintiff the damages which she suffered, as alleged herein.

**NINTH CAUSE OF ACTION**
**AIDING AND ABETTING FRAUD**
**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

81. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

82. Plaintiff was harmed by the Defrauders' fraud.

83. Defendants KARENA and HAN HAO (hereinafter, the "Aiders and Abetters") are jointly and severally responsible for the harm caused by the Defrauders because the Aiders and

- 12 -
VERIFIED COMPLAINT

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 43 of 103

Abetters assisted, facilitated, aided and abetted, and conspired with the Defrauders to defraud Plaintiff of her real Property and monies.

84. At all times alleged herein, the Aiders and Abetters knew that the Defrauders were going to defraud Plaintiff of his real Property and monies.

85. At all times alleged herein, the Aiders and Abetters gave substantial assistance and encouragement to the Defrauders in defrauding Plaintiff of his real Property and monies.

86. Plaintiff was harmed by the Aiders' and Abetters' wrongful acts, which were a substantial factor in causing Plaintiff the damages which she suffered, as alleged herein.

<u>TENTH CAUSE OF ACTION</u>
<u>DECLARATORY RELIEF</u>
**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

87. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

88. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights in and to the Property. Plaintiff desires a judicial determination of the rights and duties of each party to this action to the Property and a declaration as to whether Plaintiff has a fee simple interest in the Property.

89. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain her rights in and to the Property. Such a determination will also inform the future conduct of the parties and would properly allocate future actions which are currently unsettled given the current state of affairs between the parties.

<u>ELEVENTH CAUSE OF ACTION</u>
<u>INJUNCTIVE RELIEF</u>
**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

90. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

91. Plaintiff requests an Order restraining all defendants from taking any action with regard to the Property, including any transfer of ownership other than to Plaintiff. If the defendants are not enjoined and restrained from so acting, Plaintiff will be deprived of her right, title and

- 13 -
VERIFIED COMPLAINT

ownership in the Property and will thereby suffer irreparable injury. Plaintiff has no adequate remedy at law for the injuries that will result from the above-mentioned conduct of the defendants.

## TWELFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

92. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

93. As a result of Defendants' action, as described above, Plaintiff suffered severe emotional distress.

94. Plaintiff is informed and believes, and thereon alleges that Defendants KARENA's and HAN HAO's extreme and outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

95. Plaintiff is informed and believes, and thereon alleges that Defendants KARENA's and HAN HAO's conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

96. Plaintiff is informed and believes, and thereon alleges that, as a proximate result of Defendants KARENA's and HAN HAO's extreme and outrageous conduct, Plaintiff has suffered embarrassment, humiliation, mental anguish, depression, anxiety and emotional and physical distress including, but not limited to, the physiological and mental manifestations of severe stress and psychological trauma.

97. Plaintiff is informed and believes, and thereon alleges that the above described conduct of Defendants KARENA and HAN HAO was willful, malicious, oppressive and sadistic and was intended to cause injury to Plaintiff entitling her to an award of exemplary or punitive damages.

## THIRTEENTH CAUSE OF ACTION

## CONVERSION

**Against Defendants KAREN DER-CHEN HAO aka KARENA APPLE FENG; HAN HAO; ALL UNKNOWN PERSONS; and DOES 1 – 30, INCLUSIVE**

- 14 -
VERIFIED COMPLAINT

98. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if set forth fully herein.

99. Plaintiff owned Personal Property that was located at Property;

100. Defendants substantially interfered with Plaintiff's Personal Property by intentionally and knowingly taking possession of Plaintiff's Personal Property;

101. Plaintiff did not consent to this unlawful taking;

102. Plaintiff was harmed by Defendants taking of his Personal Property; and

103. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For judgment in favor of Plaintiff and against all Defendants;

2. For general, special, compensatory and punitive damages;

3. For prejudgment and post-judgment interest as provided by law;

4. For reasonable attorneys' fees and costs for financial abuse, pursuant to California Welfare and Institutions Code § 15657.5, and any other applicable statute or provisions of law;

5. For cancellation of all instruments that diminish title in fee simple to Plaintiff in the Property.

6. For rescission of all agreements with Defendants and cancellation of all instruments that wrongfully diminish the title of Plaintiff;

7. For costs of suit;

8. For declaratory relief;

9. For injunctive relief; and

10. For such other and further relief as the Court may deem appropriate.

**ON THE SECOND CAUSE OF ACTION FOR QUIET TITLE:**

- 15 -
VERIFIED COMPLAINT

Case: 25-30906    Doc# 117    Filed: 03/25/26    Entered: 03/25/26 10:15:35    Page 46 of 103

11. For an order declaring that Plaintiff holds title to the Property in fee simple and that Defendants KARENA; HAN HAO; and ALL UNKNOWN PERSONS have no interest in the Property adverse to Plaintiff.

**ON THE FIFTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST:**

12. For an order declaring that Defendants KARENA hold 100% of the Property for the benefit of Plaintiff.

13. For a temporary restraining order and injunctive relief against each of said Defendants and their agents, employees, servants or any other person acting with them from selling, transferring or encumbering the Property or interfering with Plaintiff's possession of the Property through legal proceedings or otherwise;

14. For an order compelling said defendants to convey the Property to Plaintiff;

15. For costs of suit incurred; and

16. For any such and further relief as the Court may deem proper.

**ON THE SIXTH CAUSE OF ACTION FOR ACCOUNTING:**

17. For an accounting setting forth the proceeds, revenues, profits, disbursements and all other transactions of Defendants relating to Plaintiff's interest in the Property.

18. For the imposition of a constructive trust on all property and profits obtained by Defendants and/or all monies or payments made to or by Defendants from Plaintiff's interest in the Property, including all Property or investments in which such profits have been invested either directly or by way of transfer to persons, corporations or other businesses in which Defendants have an interest and for an order that Defendants turn over to Plaintiff all of the assets and pay over to Plaintiff all of the funds which are held or should be held by Plaintiff; and

19. For special damages, according to proof at trial.

Dated: May 16, 2024                     JACQUES CHEN, ESQ.


                                  By:  /s/ J Chen
                                       **JACQUES CHEN, ESQ.**
                                       Attorney for Plaintif

- 16 -
VERIFIED COMPLAINT

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 47 of 103

## VERIFICATION

1. I, JIAN JUN ZHOU, am the Plaintiff in the above-entitled action.

2. I have read the Verified Complaint, and I know its contents.

3. The matters stated therein are true of my own knowledge except for those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 18, 2024, at Los Angeles, California.

Jian jun zhou (May 19, 2024 10:22 PDT)

JIAN JUN ZHOU

- 17 -
VERIFIED COMPLAINT

# Exhibit "4"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mary Liu, Esq. (SBN 349729)<br>Law Office of Mary Liu<br>17588 Rowland Street, Suite A186<br>City of Industry, CA 91748<br>TELEPHONE NO.: (626) 810-3799  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* maryliuesq@gmail.com<br>ATTORNEY FOR *(Name):* Plaintiff JIAN JUN ZHOU | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/12/2026 8:43 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Bolden, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District- Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: JIAN JUN ZHOU

DEFENDANT/RESPONDENT: KARENA APPLE FENG a.k.a. KAREN DER-CHEN HAO

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER:<br>24STCV12582 |
|---|---|
| | JUDGE: Honorable Richard S. Kemalyan<br>DEPT.: 61 |

**To the court and to all parties:**

1. Declarant *(name):* Mary Liu, Esq.

   a. [X] is [ ] the party [X] the attorney for the party who requested or caused the stay.

   b. [ ] is [ ] the plaintiff or petitioner [ ] the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. [ ] With regard to all parties.

   b. [X] With regard to the following parties *(specify by name and party designation):* Karena Apple Feng a.k.a. Karen Der-Chen Hao

3. Reason for the stay:

   a. [X] Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. [ ] Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. [ ] Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. [ ] Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. [ ] Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 9, 2026

Mary Liu                           ▶ *(SIGNATURE)*
(TYPE OR PRINT NAME OF DECLARANT)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650<br>www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 50 of 103

# Exhibit "5"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 61

**24STCV12582**                                         January 14, 2026
**JIAN JUN ZHAO, AN INDIVIDUAL vs KARENA APPLE**           9:00 AM
**FENG, et al.**


Judge: Honorable Richard S. Kemalyan        CSR: None
Judicial Assistant: Ricky Wang              ERM: None
Courtroom Assistant: Diana De Leon          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Mary Liu via LACC

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Hearing on Motion to Strike NOTICE OF MOTION AND
MOTION TO STRIKE IMPROPER ALIAS AND CORRECT MISNOMER (CCP §§ 436(a),
474, 473(d), 581, 418.10; CRC 1.100); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF KAREN DER CHEN HAO; [PROPOSED] ORDER

The matter is not called for hearing.

This motion and the 1/27/26 Case Management Conference and Joinder to Motion for Summary
Judgment/ Adjudication are vacated due to automatic stay of bankruptcy proceedings.

Parties are ordered to file a joint report regarding Bankruptcy status 5 days before the hearing.

Status Conference Re: Bankruptcy is scheduled for 03/16/2026 at 09:00 AM in Department 61 at
Stanley Mosk Courthouse.

On the Court's own motion, the Hearing on Joinder to Motion for Summary Judgment /
Adjudication scheduled for 01/27/2026, and Non-Appearance Case Review Re: Bankruptcy
scheduled for 07/13/2026 are vacated.

Court to give notice.

THE COURT ADDITIONALLY ADVISES ALL PARTIES OF THE NEW HEARING TIMES
FOR DEPARTMENT 61:

EX PARTE HEARINGS WILL BE HELD AT 8:30 AM.

THE REST OF THE CALENDAR WILL BE HELD AT 9:00 AM.

FINAL STATUS CONFERENCES WILL BE HELD AT 9:30 AM.

Case: 25-30906    Doc# 117    Filed: 03/25/26    Entered: 03/25/26 10:15:35    Page 52 of
103

**24STCV12582**                                                      January 14, 2026
**JIAN JUN ZHAO, AN INDIVIDUAL vs KARENA APPLE**                      9:00 AM
**FENG, et al.**

Judge: Honorable Richard S. Kemalyan          CSR: None
Judicial Assistant: Ricky Wang                 ERM: None
Courtroom Assistant: Diana De Leon             Deputy Sheriff: None

Certificate of Service is attached.

Certificate of Mailing is attached.

# Exhibit "6"

Karen Der Chen Hao
(Address withheld for ADA/privacy
reasons Plaintiff requests
All service and communication to:
karendchao@gmail.com)
Phone: 415-685-6931 (texts)
Email: karendchao@gmail.com
In Pro Per

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/13/2025 11:54 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Sanchez, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

## STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JIAN JUN ZHAO,<br><br>      Plaintiff,<br><br>vs.<br><br><br><br>KAREN DER CHEN HAO (erroneously sued as "KARENA APPLE FENG")<br><br>      Defendant | Case No.: **24STCV12582**<br><br>**NOTICE OF CLARIFICATION OF IDENTITY AND MISNOMER (CCP §§ 473(d), 474, 436(a); Evid. Code § 622)** |

I, Karen Der Chen Hao, submit this clarification to correct the record regarding repeated confusion between myself and my younger sister, Karena Apple Feng, in the above-referenced legal proceedings.

1. Pursuant to Code of Civil Procedure §§ 473(d) and 474, I respectfully clarify that I am not, and have never been, related by blood or marriage to Nancy Pelosi or Paul Pelosi, Jr. I have never had any children and am not the mother of Nancy Pelosi's grandson.

NOTICE OF CLARIFICATION OF IDENTITY AND MISNOMER (CCP §§ 473(D), 474, 436(A); EVID. CODE § 622) - 1

2. The person who had a relationship with Paul Pelosi, Jr. is my younger sister, Karena Apple Feng. Karena was, for a time, homeless after being evicted from 24 Bosworth Street by scam sellers, and she entrusted me to watch her mail while she was without a stable address. This arrangement was necessary for her safety and access to essential communications.

3. Due to this arrangement, and because our family has a tradition of multiple names and complex family structures (descendants of the Feng Guo Jun line, including Empress Wu Ze Tian), I attempted to help Karena resolve her issues by updating addresses and sometimes representing Karena to resolve her matters while disclosing my own identity in administrative matters, but this was solely to assist her and not to misrepresent myself. Under Evidence Code § 622, the presumption of identity based on mailing address or administrative record is rebutted by this declaration and supporting evidence.

4. Jian Jun Zhou has repeatedly taken both my mail and Karena's mail, opened our letters, and assumed that Karena and I are the same person, despite our efforts to clarify otherwise. This confusion has been compounded by Zhou's statements in court and to others, claiming connections to the Pelosi family for his own benefit.

5. Any prior pleadings or references that suggested I, Karen Der Chen Hao, was connected to Nancy Pelosi or her family were the result of this confusion and were not intended to mislead the court or the State Bar. I respectfully request that the record reflect, pursuant to Code of Civil Procedure § 436(a), that I am not related to the Pelosi family, and that any such references pertain only to my sister, Karena Apple Feng.

NOTICE OF CLARIFICATION OF IDENTITY AND MISNOMER (CCP §§ 473(D), 474, 436(A); EVID. CODE § 622) - 2

6. I further request, under Code of Civil Procedure §§ 473(d) and 474, that the court and all parties cease conflating my identity with my sister's, and that all future proceedings and notices use my correct legal name, Karen Der Chen Hao, unless addressing matters that specifically pertain to Karena Apple Feng.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 13, 2025



**Karen Der Chen Hao**

NOTICE OF CLARIFICATION OF IDENTITY AND MISNOMER (CCP §§ 473(D), 474, 436(A); EVID. CODE § 622) - 3

# PROOF OF SERVICE – CIVIL

I am over the age of 18 and not a party to this action. My business address is:

2086 18th Avenue, San Francisco, CA 94116

On May 13, 2025, I served the following document(s):

**NOTICE OF CLARIFICATION OF IDENTITY, FAMILY RELATIONSHIPS, AND MISNOMER**

(Cal. Code Civ. Proc. §§ 473(d), 474, 436(a); Cal. Evid. Code § 622)

on the parties in this action as follows:

Mary Liu, Esq.
Law Office of Mary Liu
17588 Rowland Street, Suite A186
City of Industry, CA 91748

Email: maryliuesq@gmail.com

Jian Jun Zhou
18214 Mescalero Street
Rowland Heights, CA 91748

By Electronic Mail: I caused the documents to be transmitted by electronic mail to the email address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 13, 2025

*Martin Shiang*
_____

Martin Shiang

NOTICE OF CLARIFICATION OF IDENTITY AND MISNOMER (CCP §§ 473(D), 474, 436(A); EVID. CODE § 622) - 4

# Exhibit "7"

Karen Der Chen Hao ("Karen")
Address and phone withheld
For ADA/PRIVACY under 28 CFR§35.130, 42 U.S.C.§12131, and CRC 1.100
Email: karenhao46@gmail.com
All service and court communication must be by email.

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF LOS ANGELES
### CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JIAN JUN ZHOU, an individual, | Case No. 24STCV12582 |
| Plaintiff, | **NOTICE OF MOTION & MOTION TO DISMISS FOR FAILURE TO NAME REAL PARTY IN INTEREST** |
| vs. | |
| KARENA APPLE FENG a.k.a. KAREN DERCHEN HAO, an individual; GUO XIONG LIU, an individual; and DOES 2 through 30, inclusive, | **Pursuant to CCP § 367; CCP § 430.10(b)(6); CCP § 430.30; Cal. Fam. Code § 770; CCP § 1021.5; 26 U.S.C. § 6109; Cal. Penal Code § 530.5; Cal. Penal Code § 182 (Conspiracy); 26 U.S.C. § 7207 (Tax Fraud)** |
| Defendants. | |

**TO ALL PARTIES AND THEIR COUNSEL:**

NOTICE IS HEREBY GIVEN that Defendant KAREN will move before this Court for an Order DISMISSING THE COMPLAINT FOR FAILURE TO NAME THE REAL PARTY IN INTEREST pursuant to California Code of Civil Procedure §§ 367, 430.10(b)(6), and 430.30.

⚠ CRITICAL FINAL WARNING — NAME MISIDENTIFICATION & FORWARDING TO INNOCENT PARTIES

Plaintiff has deliberately named "KARENA APPLE FENG a.k.a. KAREN DERCHEN HAO" in this caption. Karen is NOT the same person as "Karena Apple Feng" nor is she the same as "Karen Derchen Hao" **This is a fraudulent misrepresentation.** By falsely naming innocent people, Plaintiff expands his predatory scheme of extortion and fraud. This is Karen's FINAL WARNING to Plaintiff.

Karen will forward this entire motion, court file, and all evidence to any innocent party falsely named in this case so they may file independent defamation lawsuits against Plaintiff. This is Karen's documented purpose in filing this motion—to create

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 60 of 103

a public record for victims of Plaintiff's fraudulent naming scheme.

## RESERVATION OF RIGHTS — SUPPLEMENTAL NOTICE

Karen expressly reserves all rights beyond the scope of this motion, including:
- Criminal conduct by Plaintiff (identity theft, tax evasion, attempted sexual assault, wire fraud, racketeering, conspiracy)
- Recovery of personal property wrongfully withheld
- Damages for theft, conversion, and intentional harassment
- Safety and protective matters
- Defamation claims and aiding innocent parties falsely named in this case
- All other legal claims and defenses

The omission of these matters is NOT a waiver of any rights. Karen pursues this motion solely to resolve the title/real party in interest issue and protect her safety.

## I. OVERVIEW & CORE LEGAL DEFECT

Plaintiff's action is FATALLY DEFECTIVE because Plaintiff is suing the WRONG PERSON.

Plaintiff Jian Jun Zhou negotiated exclusively with HAN HAO, not with Karen. Karen is Han Hao's wife and merely holds legal title to the properties at his direction for his benefit. She is not the real party in interest and was never party to any deal with Plaintiff.

## II. STATEMENT OF MATERIAL FACTS

### A. The Real Party in Interest: HAN HAO

**Fact 1**: Han Hao Made the Deal. The person who negotiated with Plaintiff Jian Jun Zhou about the properties is Han Hao, not Karen.

**Fact 2**: Han Hao Made All Decisions. All decisions regarding the properties—whether to gift them, when to gift them, to whom to gift them—were made by Han Hao, not by Karen.

**Fact 3**: Han Hao is the Actual Beneficial Owner. Beneficial ownership of the properties originated with Han Hao. He is the source of any purported claim.

**Fact 4**: Han Hao Lacked Legal Capacity to Hold Title. Han Hao was in the United States on a student visa and does NOT have a Social Security Number. Under

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 61 of 103

federal law (26 U.S.C. § 6109) and California real property law, a non-citizen without an SSN cannot hold title to real property in California. Han Hao had no legal choice but to place the properties in his wife's name.

**Fact 5**: Prior Failed Negotiation & Bad Faith Conduct. Karen previously engaged an attorney to negotiate with Plaintiff for retrieval of her personal belongings at a mutually-agreed-upon time. Plaintiff agreed to this arrangement. When the scheduled time arrived, Plaintiff refused to honor the agreement, blocked access to the property, and prevented retrieval of any items. This demonstrates Plaintiff engages in bad faith negotiations, refuses to honor agreements, and has no legitimate business purpose—only predatory targeting of Defendant.

## B. The Wrong Party Sued: KAREN

**Fact 6**: Karen is Han Hao's Wife. Karen is legally married to Han Hao (see Marriage Certificate, Exhibit A).

**Fact 7**: Legal Title Holder Only — Custodian, Not Beneficial Owner. Karen holds legal title to the properties at Han Hao's direction and for his benefit. This is a custodial spousal arrangement made necessary by Han Hao's immigration status and lack of Social Security Number. She is NOT the beneficial owner.

**Fact 8**: Never Party to the Deal. Karen never discussed any property arrangements with Plaintiff Jian Jun Zhou. She never negotiated any terms with Plaintiff. She never made any agreement with Plaintiff. Karen does not speak Plaintiff's language.

**Fact 9**: Spousal Gift Tradition. Han Hao placed the properties in Karen's name as a gift to his wife pursuant to Chinese cultural tradition. This is a personal/family arrangement, not part of any transaction with Plaintiff.

**Fact 10**: No Financial Benefit to Karen; Loss of All Belongings. Karen receives NO rent or income from the properties. She pays NO mortgage, property taxes, or maintenance. She has NO control over the properties at all, and Plaintiffs are staying there and have been enjoying all of Karen's personal living items, including kitchen and housewares. Karen has lost all her personal belongings related to these properties and is merely a custodial title holder.

**Fact 11**: Plaintiffs Did Not Deal With Karen. All communications, negotiations, and dealings were with Han Hao, not with Karen. No written or oral agreement exists between Plaintiff and Karen.

**Fact 12**: Plaintiff's Criminal Enterprise. Karen has discovered evidence that Plaintiff Jian Jun Zhou operates a criminal enterprise involving identity theft (Cal. Penal Code § 530.5), tax evasion (26 U.S.C. § 7207), fraudulent green card applications, wire fraud, money laundering, and construction permit fraud using fraudulent

NOTICE OF MOTION & MOTION TO DISMISS FOR FAILURE TO NAME REAL PARTY IN INTEREST - 3

identification documents. Plaintiff has accessed multiple residential properties throughout Rowland Heights and Los Angeles County using fraudulent permits. The evidence suggests criminal conspiracy (Cal. Penal Code § 182).

**Fact 13**: Attempted Sexual Assault & Physical Harassment. When Karen attempted to retrieve her personal belongings from the property, Plaintiff Jian Jun Zhou and associates physically attempted to force her into the property against her will, with intent to sexually assault her. Only witness intervention prevented harm. Defendant was forced to abandon her personal belongings to escape physical danger. This conduct demonstrates predatory intent.

## III. LEGAL ARGUMENT

### A. CALIFORNIA CODE OF CIVIL PROCEDURE § 367 — REAL PARTY IN INTEREST

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by law." (CCP § 367)

The real party in interest is the person who: (1) made the contract or agreement at issue; (2) has the direct legal interest in the subject matter; (3) will be bound by the judgment; (4) stands to win or lose by the outcome; and (5) has authority to enter into the transaction. Estate of Dotta, 7 Cal.4th 673 (1994); Inland Empire Utilities Agency v. Golden State Water Co., 218 Cal.App.3d 1313 (1990).

Han Hao is the real party in interest because: Han Hao negotiated with Plaintiff, made any alleged agreement, has the direct legal/beneficial interest in the properties, will be bound by any judgment, and his actions form the basis of Plaintiff's claims.

Karen is NOT the real party in interest because: She never negotiated with Plaintiff, never made any agreement, is merely a legal title holder at her husband's direction (custodian), has no beneficial interest, has no independent legal interest that would make her liable, and any judgment against her would be unjust because she was not party to the underlying transaction.

### B. DEMURRER GROUND: CCP § 430.10(b)(6) — FAILURE TO NAME REAL PARTY

"A party may demur to a pleading... when the complaint does not name the real party in interest." (CCP § 430.10(b)(6))

This action fails because: (1) Plaintiff named the wrong party; (2) Karen is not the real party in interest—she was never party to any agreement with Plaintiff; and (3) Karen lacks legal capacity to be sued in this matter because she has no legal relationship to Plaintiff and no involvement in the transaction.

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 63 of 103

## C. RELIEF REQUIRED: CCP § 430.30 — EFFECT OF SUSTAINING DEMURRER

"If a demurrer is sustained... the court shall give the plaintiff leave to amend the complaint unless it determines... that the defect cannot be cured by amendment." (CCP § 430.30)

The defect here CANNOT be cured by amendment because: (1) Karen can never be the proper defendant in a dispute over an alleged agreement she was never party to; (2) the fundamental defect is that Plaintiff negotiated with Han Hao and named the wrong person—this cannot be fixed; and (3) Plaintiff cannot amend to make Karen liable for a contract she never made.

Therefore, DISMISSAL is the appropriate remedy.

## D. SPOUSAL TITLE HOLDER DOCTRINE & FAMILY CODE § 770

Under California Family Code § 770, property may be held in a spouse's name while the other spouse retains beneficial interest when the transfer is for family purposes.

Han Hao placed the properties in Karen's name pursuant to: (1) legal necessity (Han Hao lacks SSN and cannot hold title); (2) spousal gift tradition (Chinese cultural practice); and (3) family arrangement (NOT a commercial transaction with Plaintiff).

The real owner and real party in interest remains Han Hao.

## E. FEDERAL IMMIGRATION LAW: 26 U.S.C. § 6109

Non-citizens without SSN cannot hold real property in the United States. Han Hao, on a student visa without an SSN, CANNOT legally hold real property in California.

Consequence: Because Han Hao lacked legal capacity to hold title directly: He remains the beneficial owner, remains the real party in interest, negotiated with Plaintiff, made all decisions, and Karen merely holds legal title as a custodian. Under CCP § 367, suit must be brought against Han Hao, not his custodian wife.

## F. LEGAL CONSEQUENCES OF SUING WRONG PARTY

Inland Empire Utilities Agency v. Golden State Water Co., 218 Cal.App.3d 1313 (1990): "A judgment rendered against a party who is not the real party in interest is void and unenforceable."

A judgment against Karen would be void because: (1) it violates due process—the real party was not before the court; (2) it creates unjust enrichment—the real party avoids liability; (3) it prevents the actual party from being held accountable; (4) only

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 64 of 103

parties to a contract can be sued for breach; and (5) it is impossible to enforce—Karen holds title only as custodian.

This Court cannot enforce a judgment against Karen for a contract she never made.

## IV. DECLARATION OF KAREN

I, Karen (also known as Karen Der Chen Hao), declare under penalty of perjury under the laws of the State of California:

1. My Identity & Purpose in Filing

My legal name is Karen Der Chen Hao. I am NOT "Karena Apple Feng" and I am NOT any other "Karen" person. I am filing this motion in part to create a clear court record so that any innocent people falsely named in this lawsuit will know they can file independent defamation lawsuits against Plaintiff. After this motion is filed, I will forward this entire motion and court file to any innocent party falsely named in this case by Plaintiff.

2. Why I Hold Title — The SSN Issue

Han Hao was in the United States on a student visa and does NOT have a Social Security Number. Under federal law and California real property law, a non-citizen without an SSN cannot hold title to real property in California. Han Hao asked me to hold title for him since I am a U.S. citizen and, as Han Hao's wife, I could and should hold the properties in my name on his behalf. This was a legal necessity, not a choice.

3. My Relationship to the Properties

I hold legal title to the properties at 3473 E Sweetbay Way, Ontario, CA and 18214 Mescalero ST, Rowland Heights, CA at the direction and for the benefit of my husband, Han Hao. I am the custodial title holder. Han Hao is the beneficial owner. I receive NO rent or income from the properties. I pay NO mortgage, property taxes, or maintenance. I have NO control over the properties at all, and Plaintiffs are staying there and have been enjoying all my personal living items, including kitchen and housewares.

4. My Relationship to Plaintiff

I have never communicated with Jian Jun Zhou. I have never negotiated with him about any property. I have never made any agreement with him. I do not speak his language.

NOTICE OF MOTION & MOTION TO DISMISS FOR FAILURE TO NAME REAL PARTY IN INTEREST - 6

## 5. Han Hao's Relationship to Plaintiff

My husband Han Hao is the person who negotiated with Plaintiff Jian Jun Zhou about the properties, made any alleged agreements with him, made ALL decisions about the properties, and decided to place the properties in my name.

## 6. Spousal Gift & Chinese Cultural Tradition

Han Hao placed the property titles in my name as a gift to me, his wife, pursuant to Chinese cultural tradition. This is a personal/family arrangement, NOT a commercial transaction with Plaintiff. (See Exhibit B: "Han Hao's wishes")

## 7. I Am Not Party to Any Deal

I am NOT a party to any alleged agreement between Han Hao and Plaintiff. I am NOT liable for any alleged breach. I CANNOT be sued for a contract I never made. Plaintiff has sued the wrong person and should have sued my husband, Han Hao.

## 8. Suing Me Violates Due Process

Suing me when the real party is my husband violates due process because: I had no opportunity to participate in negotiations; I had no opportunity to defend my husband's decisions; I am being held liable for actions I never took; and the real actor is not before the court.

## 9. Loss of All Personal Belongings & Physical Harassment

After I was given the keys and title, Plaintiff Jian Jun Zhou climbed through the window without permission, moved into the property, and changed the locks. I was forced to leave to avoid Plaintiff's unwanted attention. I have lost all my personal belongings that remained in the properties: laptop, clothing, shoes, documents, and personal effects.

When I attempted to retrieve my belongings, Plaintiff refused and demanded that I "work with their criminal cartel network" in exchange for return of my possessions and to continue holding title after Han Hao left. I cannot communicate in their language and had to abandon my belongings.

When I attempted to retrieve my belongings again with a witness for safety, Plaintiff Jian Jun Zhou physically attempted to force me into the house against my will. Only the intervention of my witness prevented further harm to me. I am merely a custodial title holder and victim of predatory conduct.

## 10. Plaintiff's Fraud Scheme & Criminal Identity Theft

NOTICE OF MOTION & MOTION TO DISMISS FOR FAILURE TO NAME REAL PARTY IN INTEREST - 7

I have discovered evidence that Plaintiff Jian Jun Zhou operates a criminal enterprise involving identity theft (Cal. Penal Code § 530.5), tax evasion (26 U.S.C. § 7207), and Xiangjun Li operates insurance fraud on casino and medical patient accounts. Both plaintiffs operate cash-crime money laundering schemes.

Plaintiff Jian Jun Zhou has obtained fraudulent identification documents, used stolen identities to obtain green cards and construction permits, and accessed multiple residential properties throughout Rowland Heights and Los Angeles County using fraudulent permits. The evidence suggests criminal conspiracy (Cal. Penal Code § 182).

Han Hao obtained evidence of Plaintiff's identity theft practices to fraudulently obtain a Green Card. Plaintiff changed names to take on Han Hao's own name and gets all Han Hao's mail as if it is Plaintiff's own. After which, the original owner of the identification disappeared or died, and then Jian Jun Zhou continued the scheme using other stolen identifications to obtain construction permits, laundered the income, switched names again to misrepresent citizenship status, and obtained a restricted Social Security Number not authorized for employment.

11. Prior Failed Negotiation — Broken Agreement

I previously engaged an attorney to negotiate with Plaintiff for a time-specific arrangement to retrieve my personal belongings. Plaintiff agreed to the arrangement. However, when the scheduled time arrived, Plaintiff breached that agreement, refused access, and prevented retrieval. This pattern demonstrates bad faith and confirms Plaintiff will not honor ANY agreement with me or my representatives.

12. Intention Regarding Properties & Intent to Forward This Case

Since Han Hao gave me title to the properties, if this Court dismisses this case and removes the lis pendens, I would like to donate these properties to the State of California in appreciation for keeping Americans safe.

I further declare that I will forward this entire motion, court file, and all evidence to any innocent party falsely named in this case so they may file independent defamation lawsuits against Plaintiff Jian Jun Zhou for being falsely named in a lawsuit they had no involvement in.

13. Conclusion

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 17, 2025**, at South San Francisco, California.

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 67 of 103



KAREN DER CHEN HAO

## EXHIBITS

- Exhibit A: Marriage Certificate (Karen to Han Hao)
- Exhibit B: Han Hao's Declaration (wishes regarding property)

## STATUTORY CITATIONS & REFERENCES

| Statute | Principle |
| --- | --- |
| CCP § 367 | Real party in interest requirement — Han Hao is real party; Karen is not |
| CCP § 430.10(b)(6) | Demurrer ground — Wrong party named; defect cannot be cured |
| CCP § 430.30 | Effect of demurrer — Dismissal appropriate |
| Cal. Fam. Code § 770 | Spousal property arrangements — Karen custodian; Han Hao beneficial owner |
| 26 U.S.C. § 6109 | SSN requirement for property title — Han Hao lacked SSN; cannot hold property |
| Cal. Penal Code § 530.5 | Identity theft — Plaintiff's criminal conduct |
| 26 U.S.C. § 7207 | Tax fraud/evasion — Plaintiff's financial crimes |
| Cal. Penal Code § 182 | Criminal conspiracy — Plaintiff conspiracy/cartel operation |
| Inland Empire Utilities v. Golden State Water Co. | Judgment void if wrong party |
| Estate of Dotta | Real party definition |
| CCP § 1021.5 | Prevailing party fees |

NOTICE OF MOTION & MOTION TO DISMISS FOR FAILURE TO NAME REAL PARTY IN INTEREST - 9

Case: 25-30906    Doc# 117    Filed: 03/25/26    Entered: 03/25/26 10:15:35    Page 68 of 103

# Exhibit A:
## Marriage Certificate

NOTICE OF MOTION & MOTION TO DISMISS FOR FAILURE TO NAME REAL PARTY IN INTEREST - 10

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# SAN BERNARDINO COUNTY
### SAN BERNARDINO, CALIFORNIA

## LICENSE AND CERTIFICATE OF MARRIAGE
MUST BE LEGIBLE – MAKE NO ERASURES, WHITEOUTS, OR OTHER ALTERATIONS
USE DARK INK ONLY

**4202436000024**
LOCAL REGISTRATION NUMBER

STATE FILE NUMBER

**FIRST PERSON DATA** — ☒ Groom ☐ Bride

| Field | Value |
|---|---|
| 1A. FIRST NAME | HAN |
| 1B. MIDDLE | - |
| 1C. CURRENT LAST | HAO |
| 1D. LAST NAME AT BIRTH (IF DIFFERENT THAN 1C) | |
| 2. DATE OF BIRTH (MM/DD/CCYY) | 08/23/1994 |
| 3. STATE/COUNTRY OF BIRTH | CHN |
| 4. #PREV. MARRIAGES/SRDP | 0 |
| 5A. LAST MARRIAGE/SRDP ENDED BY | ☐ DEATH ☐ DISSO ☐ ANNULMENT ☐ TERM SRDP ☒ N/A |
| 5B. DATE ENDED (MM/DD/CCYY) | - |
| 6. ADDRESS | 3473 E SWEETBAY WAY |
| 7. CITY | ONTARIO |
| 8. STATE/COUNTRY | CA |
| 9. ZIP CODE | 91761 |
| 10A. FULL BIRTH NAME OF FATHER/PARENT | JIANFENG HAO |
| 10B. STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY) | CHN |
| 11A. FULL BIRTH NAME OF MOTHER/PARENT | XIN KANG |
| 11B. STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY) | CHN |

**SECOND PERSON DATA** — ☐ Groom ☒ Bride

| Field | Value |
|---|---|
| 12A. FIRST NAME | KAREN |
| 12B. MIDDLE | DER-CHEN |
| 12C. CURRENT LAST | FENG |
| 12D. LAST NAME AT BIRTH (IF DIFFERENT THAN 12C) | - |
| 13. DATE OF BIRTH (MM/DD/CCYY) | 04/08/1975 |
| 14. STATE/COUNTRY OF BIRTH | CA |
| 15. # PREV. MARRIAGES/SRDP | 0 |
| 16A. LAST MARRIAGE/SRDP ENDED BY | ☐ DEATH ☐ DISSO ☐ ANNULMENT ☐ TERM SRDP ☒ N/A |
| 16B. DATE ENDED (MM/DD/CCYY) | - |
| 17. ADDRESS | 3473 E SWEETBAY WAY |
| 18. CITY | ONTARIO |
| 19. STATE/COUNTRY | CA |
| 20. ZIP CODE | 91761 |
| 21A. FULL BIRTH NAME OF FATHER/PARENT | BING NAN FENG |
| 21B. STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY) | CHN |
| 22A. FULL BIRTH NAME OF MOTHER/PARENT | PATTY TAI-WEN WAN |
| 22B. STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY) | CHN |

**AFFIDAVIT**

WE, THE UNDERSIGNED DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT WE ARE UNMARRIED AND THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF. WE FURTHER DECLARE THAT NO LEGAL OBJECTION TO THE MARRIAGE NOR TO THE ISSUANCE OF A LICENSE IS KNOWN TO US. WE ACKNOWLEDGE RECEIPT OF THE INFORMATION REQUIRED BY FAMILY CODE SECTION 358 AND HEREBY APPLY FOR A LICENSE AND CERTIFICATE OF MARRIAGE.

23. SIGNATURE OF PERSON LISTED IN FIELDS 1A-1D ▶ *(signature)*

24. SIGNATURE OF PERSON LISTED IN FIELDS 12A-12D ▶ *(signature)*

**LICENSE TO MARRY**

I, THE UNDERSIGNED, DO HEREBY CERTIFY THAT THE ABOVE-NAMED PARTIES TO BE MARRIED HAVE PERSONALLY APPEARED BEFORE ME, OR THE PERSON PERFORMING THE CEREMONY HAS PERSONALLY APPEARED BEFORE ME AND PRESENTED ME AN AFFIDAVIT SIGNED BY THE PARTIES TO BE MARRIED DECLARING THAT ONE OR BOTH OF THE PARTIES ARE PHYSICALLY UNABLE TO APPEAR AND EXPLAINING THE REASONS THEREFOR IN ACCORDANCE WITH FAMILY CODE SECTION 426. THE PARTIES PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE PERSONS CLAIMED, HAVE DECLARED THAT THEY MEET ALL OF THE REQUIREMENTS OF THE LAW, AND HAVE PAID THE FEES PRESCRIBED BY LAW. AUTHORIZATION AND LICENSE IS HEREBY GIVEN TO ANY PERSON DULY AUTHORIZED TO PERFORM A MARRIAGE CEREMONY WITHIN THE STATE OF CALIFORNIA TO SOLEMNIZE THE MARRIAGE OF THE ABOVE-NAMED PERSONS. REQUIRED CONSENTS AND AFFIDAVITS FOR THE ISSUANCE OF THIS LICENSE ARE ON FILE.

| 25A. ISSUE DATE (MM/DD/CCYY) | 25B. EXPIRES AFTER (MM/DD/CCYY) | 25C. NAME OF COUNTY CLERK | 25D. SIGNATURE OF CLERK OR DEPUTY CLERK |
|---|---|---|---|
| 01/03/2024 | 04/02/2024 | CHRIS WILHITE | BY ▶ Daniel Carrillo |

| 25E. MARRIAGE LICENSE NUMBER | 25F. COUNTY OF ISSUE | 25G. RETURN COMPLETED MARRIAGE LICENSE TO (INCLUDE ADDRESS): |
|---|---|---|
| M2024137904 | SAN BERNARDINO | 222 W HOSPITALITY LANE, SAN BERNARDINO, CA 92415 |

**WITNESS(ES) (ONE REQUIRED, NO MORE THAN TWO ALLOWED)**

26A. SIGNATURE OF WITNESS *(signature)*
26B. NAME OF PERSON WITNESSING MARRIAGE (TYPE OR PRINT CLEARLY): JIANJUN ZHOU
26C. ADDRESS, CITY, STATE/COUNTRY, AND ZIP CODE: 18214 MESCALERO ST, ROWLAND HEIGHTS, CA 91748

27A. SIGNATURE OF WITNESS *(signature)*
27B. NAME OF PERSON WITNESSING MARRIAGE (TYPE OR PRINT CLEARLY): BUYAO GAO
27C. ADDRESS, CITY, STATE/COUNTRY, AND ZIP CODE: 1441 PASO REAL AVE SPC 195, ROWLAND HEIGHTS, CA 91748

**CERTIFICATION OF PERSON SOLEMNIZING MARRIAGE**

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA, THAT THE ABOVE-NAMED PARTIES WERE JOINED BY ME IN MARRIAGE IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA. NOTE: THE MARRIAGE CEREMONY MUST TAKE PLACE IN THE STATE OF CALIFORNIA.

| 28A. DATE OF MARRIAGE (MM/DD/CCYY) | 28B. CITY/TOWN OF MARRIAGE | 28C. COUNTY OF MARRIAGE |
|---|---|---|
| 01/03/2024 | SAN BERNARDINO | SAN BERNARDINO |

29A. SIGNATURE OF PERSON SOLEMNIZING MARRIAGE ▶ Daniel Carrillo
29B. RELIGIOUS DENOMINATION (IF CLERGY):
29C. NAME OF PERSON SOLEMNIZING MARRIAGE (TYPE OR PRINT CLEARLY): DANIEL CARRILLO
29D. OFFICIAL TITLE: DEPUTY COMMISSIONER OF CIVIL MARRIAGE
29E. ADDRESS, CITY, STATE/COUNTRY, AND ZIP CODE: 222 W. HOSPITALITY LANE, SAN BERNARDINO, CA 92415

**NEW NAMES (IF ANY)**

NEW MIDDLE AND LAST NAME OF PERSON LISTED IN 1A-1D (IF ANY) FOR USE UPON SOLEMNIZATION OF THE MARRIAGE (SEE REVERSE FOR INFORMATION)

| 30A. FIRST – MUST BE SAME AS 1A | 30B. MIDDLE | 30C. LAST |
|---|---|---|
| -- | -- | -- |

NEW MIDDLE AND LAST NAME OF PERSON LISTED IN 12A-12D (IF ANY) FOR USE UPON SOLEMNIZATION OF THE MARRIAGE (SEE REVERSE FOR INFORMATION)

| 31A. FIRST – MUST BE SAME AS 12A | 31B. MIDDLE | 31C. LAST |
|---|---|---|
| KAREN | DER-CHEN | HAO |

**LOCAL REGISTRAR**

| 32A. NAME OF LOCAL REGISTRAR | 32B. SIGNATURE OF CLERK OR DEPUTY CLERK | 32C. DATE ACCEPTED FOR REGISTRATION |
|---|---|---|
| CHRIS WILHITE — CHRIS WILHITE | BY ▶ *(signature)* 01/04/2024 | 01/04/2024 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

VS-117 (01/01/2010)

CASANBER02

## CERTIFIED COPY OF VITAL RECORD
STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF THE SAN BERNARDINO ASSESSOR-RECORDER-CLERK.

0 0 2 9 4 7 7 9 1

DATE ISSUED **JAN 11 2024**

CHRIS WILHITE
ASSESSOR-RECORDER-CLERK

*This copy not valid unless prepared on an engraved border displaying the date, seal and signature of the Assessor-Recorder-Clerk.*

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE


Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 70 of 103

# Exhibit B:
## Han Hao's Declaration /
## Gift to Wife

NOTICE OF MOTION & MOTION TO DISMISS FOR FAILURE TO NAME REAL PARTY IN INTEREST - 11

Case: 25-30906    Doc# 117    Filed: 03/25/26    Entered: 03/25/26 10:15:35    Page 71 of 103

I give my Fiat 2 keys and title to my wife Kewen Der-Chen Hao, I give one luggage and the belongs inade to my wife Karen Der-chen Hao, My wife can do whatever she likes to the things I give her.

Han Hao 郝宁宁
05, 11, 24

我们与我的女. Fiod 两个朋名. 以及争权交给我
太太 Karen Der-Chen Hao, 我把我的一个行李单.
以及其中所物品 交给 我太太 Karen. Der Chen Hao.
我太太 Karen Der Chen Hao. 对我的物品有
任意处理和支利.

Frau Hao 签名.
05. 11. 24.

Karen Der Chen Hao ("Karen")
Address and phone withheld
For ADA/PRIVACY under 28 CFR§35.130, 42 U.S.C.§12131, and CRC 1.100
Email: karenhao46@gmail.com
All service and court communication must be by email.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES
## CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE

JIAN JUN ZHOU, an individual,

Plaintiff,

vs.

KARENA APPLE FENG a.k.a. KAREN DERCHEN HAO, an individual; GUO XIONG LIU, an individual; and DOES 2 through 30, inclusive,

Defendants.

Case No. 24STCV12582

**PROPOSED ORDER**

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO NAME REAL PARTY IN INTEREST

WHEREAS, Defendant Karen has filed a Motion to Dismiss for Failure to Name the Real Party in Interest;

WHEREAS, the Court has reviewed the pleadings and evidence;

NOW, THEREFORE, IT IS ORDERED:

1. This action is DISMISSED without prejudice as to property title holder for failure to name the real party in interest and for misidentification of the proper defendant.

2. Plaintiff may refile naming HAN HAO as the proper defendant if Plaintiff wishes to pursue claims.

3. The lis pendens on the properties is REMOVED and RELEASED.

4. All liens arising from this action are DISCHARGED as to Karen.

5. Defendant is awarded attorney's fees and costs under CCP § 1021.5.

PROPOSED ORDER - 1

6. Clear title is issued to Karen.

7. This Court recommends referral to federal authorities for investigation of Plaintiff's alleged identity theft (Cal. Penal Code § 530.5), wire fraud (18 U.S.C. § 1343), and criminal conspiracy (Cal. Penal Code § 182).

8. Defendant's reservation of rights regarding all other issues is acknowledged. The dismissal of this case does NOT constitute a waiver of any other legal claims, defenses, or rights Defendant may have, whether criminal, civil, protective, or otherwise.

DATE: _____


_____
HONORABLE JUDGE

PROPOSED ORDER - 2

Karen Der Chen Hao ("Karen")
Address and phone withheld
For ADA/PRIVACY under 28 CFR§35.130, 42 U.S.C.§12131, and CRC 1.100
Email: karenhao46@gmail.com
All service and court communication must be by email.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| JIAN JUN ZHOU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KARENA APPLE FENG a.k.a. KAREN DERCHEN HAO, an individual; GUO XIONG LIU, an individual; and DOES 2 through 30, inclusive,<br><br>Defendants. | Case No. 24STCV12582<br><br><br><br>**PROOF OF SERVICE** |

I am 18 and over and not a party to this suit. I declare under penalty of perjury that on November 17, 2025, I served the foregoing NOTICE OF MOTION & MOTION TO DISMISS, & EXHIBITS: on all parties by EMAIL WITH RECEIPT OF DELIVERY.

SERVICE ADDRESS:

Mary Liu, Esq. (Counsel to Both Plaintiffs: Jian Jun Zhou; & Xiang Jun Li)
Email: **maryliuesq@gmail.com**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 17, 2025** at San Francisco, California.

MARTIN SHIANG, Process Server
2086 18th Avenue, SF, CA 94116
(415) 505-4488 (texts)
proofoservice@gmail.com

PROOF OF SERVICE - 1

# Exhibit "8"

RECORDING REQUESTED BY

**Karen Der Chen Hao**

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME    **Karen Der Chen Hao**

STREET
ADDRESS    **3473 E Sweetbay Way**

CITY, STATE &
ZIP CODE    **Ontario, CA 91761**



Electronically
Recorded in Official Records
San Bernardino County

**Assessor-Recorder-County Clerk**

## DOC# 2024-0042671

| | | |
|---|---|---|
| 02/22/2024 03:49 PM | Titles: 1   Pages: 4 | |
| SAN | Fees | $23.00 |
| | Taxes | $0.00 |
| I4311 | CA SB2 Fee | $0.00 |
| | Total | $23.00 |

**SPACE ABOVE FOR RECORDER'S USE ONLY**

## Grant Deed

**Title of Document**

**Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).**

**Reason for Exemption:**

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT), <u>or</u>

☒ Exempt from fee per GC 27388.1, recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier, <u>or</u>

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____ of Official Records. (Cap. $225.00)

☐ Exempt from fee per GC 27388.1, fee cap of $225.00 reached, <u>and/or</u>

☐ Exempt from fee per GC 27388.1, not related to real property

☐ Exempt from fee per GC 27388.1, due to being executed or recorded by the state or any county, municipality or other political subdivision of the state.

**Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee. Fees collected are deposited to the State and may not be available for refund.**

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

RECORDING REQUESTED BY

Karen Der Chen Hao

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME

STREET
ADDRESS

CITY, STATE &
ZIP CODE

Karen Der Chen Hao

3473 E SWEETBAY WAY

ONTARIO, CA 91761

TITLE ORDER NO.  0232494     ESCROW NO.            SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

APN: 0218-151-11-0-000 (WOP)

0218-272-02-0-000

# GRANT DEED

The undersigned grantor(s) declare(s):
DOCUMENTARY TRANSFER TAX $ **0.00**
☑ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated Area    ☑ City of **ONTARIO**

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I.
XIANG JUN LI, a single man,("Grantor"),
hereby remise, release and grant to
KAREN DER CHEN HAO, a married woman, ("Grantee"),

the following described real property in the City of ONTARIO, County of SAN BERNARDINO
State of California, with the following legal description:

Also known as: 3473 E Sweetbay Way, Ontario, CA 91761

Described on EXHIBIT "A" attached hereto and incorporated herein by this reference, (see attached):

Dated: February 21, 2024           By:  _Xiang Jun Li_

Xiang Jun Li, Grantor

This conveyance changes the manner in which title is held.
Grantor and Grantee remain the same and continue to
hold the same proportionate interest. R & T 11911

# EXHIBIT "A"
## Legal Description

Real property in the City of Ontario, State of California, described as follows:

Lot 2 of Tract No. 18026, as per Map recorded in Book 360, at Pages 8 through 11, and INT in common area:

Lot information, Land SQ. ft. 4,464 Legal Lot #2, Municipality name, Ontario, Acres 0.102, County Use Description: Puo Demiunis

APN: 0218 272 02 0000



# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California .
County of ____Riverside____ )

On ____February 21, 2024____ before me, _Leticia Flores Patino, Notary Public_
(insert name and title of the officer)

personally appeared __Xiang Jun Li__ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

LETICIA FLORES PATINO
Notary Public - California
Riverside County
Commission # 2470585
My Comm. Expires Nov 10, 2027

Signature _____ (Seal)

# Exhibit "9"

Ronald Norman, Esq. (SBN: 323484)
DEMIDCHIK LAW FIRM PC
4350 Von Karman Ave, Suite 400,
Newport Beach, CA 92660
TEL 626-317-0033
FAX 212-810-7257
ronald@dcklawfirm.com

Attorney for Plaintiff
Xiangjun Li

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

APR 08 2024

BY: _____
Allexus Fierro, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## COUNTY OF SAN BERNARDINO

## UNLIMITED JURISDICTION

| | |
|---|---|
| Xiangjun Li, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> Hao Karen Der Chen; and DOES 1 TO 10, inclusive <br><br> Defendants. | ) CASE NO CIV SB 2407692 <br> ) <br> ) <br> ) **VERIFIED COMPLAINT FOR QUIET** <br> ) **TITLE** <br> ) (Unlimited Civil Complaint - Amount <br> ) Demanded Exceeds $25,000) <br> ) <br> ) Property located at 3473 E Sweetbay Way, <br> ) Ontario, CA 91761 <br> ) <br> ) |

Xiangjun Li, an individual ("Plaintiff"), alleges herein as follows:

### Introduction

1. This action seeks: to quiet title to the real property at 3473 E Sweetbay Way, Ontario, CA 91761 (hereinafter referred to as the "Subject Property").

### The Real Property

2. The Subject Property of this action is certain real property comprising a single-family residence within the County of San Bernardino, State of California, commonly known as 3473 E Sweetbay Way, Ontario, CA 91761, consisting of the real property in the City of Ontario, State of San Bernardino, State of California, legally described as follows: Lot 2 of Tract No. 18026,

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 83 of 103

as per Map recorded in Book 360, at Pages 8 through 11, and INT in common area: Lot information, Land SQ. ft. 4,464 Legal Lot #2, Municipality name, Ontario, Acres 0.102, County Use Description: Puo Demiunis.

### Parties

3. Plaintiff, is an individual who purchased the subject property around June2022 and pays all expenses related to the property ,including mortgage and taxes. Plaintiff requests quiet title herein.

4. Defendant Hao Karen Der Chen, is an individual who lives in the property at all time since September 2023, who fraudulently transferred tittle of the Subject Property.

5. Plaintiff does not know the true names and capacities of the Defendants sued as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Upon information and belief, Defendant may have granted interests in the Subject Property and/or soon will grant such ownership interests. Plaintiff does not currently know the true names and capacities of those who may claim an ownership interest in the Subject Property, but Plaintiff will amend this complaint to add the true names and capacities of these defendants when they are ascertained.

### Jurisdiction

6. This Court has jurisdiction of this matter for the reason that the amount in question exceeds the jurisdictional minimum of the Court, exclusive of costs and interest.

### Venue

7. Venue is proper in this Court because the real property that is the subject of this action is located in the County of San Bernardino in the State of California.

### First Cause of Action

8. Plaintiff realleges and incorporates paragraphs 1 through 12 above, as though fully set forth herein.

9. The Subject Property is designated in the San Bernardino County Recorder's Office as APN 0218-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.

Verified Complaint for Quiet Title

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 84 of 103

10. On or about June 2022, Plaintiff purchased the subject property around June2022 and pays all expenses related to the property ,including mortgage and taxes Subject Property has been served as Plaintiff's residence since the purchase.

11. On or around September 2023, Plaintiff moved out from the Subject Property and rented the subject property to Defendant. Since then, Defendant has been residing at the Subject Property.

12. On or around February 21, 2024, Defendant fraudulently transferred tittle of the Subject Property by forging the signature on a notarized transfer of deed document.

13. By virtue of the foregoing facts, Plaintiff seeks to quiet title to the Property in Plaintiff's name alone as of the date of this complaint.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants:

1. For an order quieting title to the subject property,

2. For attorney's fees incurred herein,

3. For costs of suit incurred herein; and

4. For such other and further relief that the court may deem just and proper.

Dated: March 27, 2024

By: _____

Ronald Norman, Esq.
Attorney for Plaintiff
Xiangjun Li

## VERIFICATION

I, Xiangjun Li, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint for Quiet Title and know the contents thereof. The same is true of my knowledge, except s to those matters which are therein alleged on information and belief, and as to those matters, I believe to be true.

Verified Complaint for Quiet Title

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in California.

Dated: 03/27/2024

Executed in California

By: _____
Xiangjun Li

Case: 25-30906    Doc# 117    Filed: 03/25/26    Entered: 03/25/26 10:15:35    Page 86 of 103

# Exhibit "10"

Case: 25-30906    Doc# 117    Filed: 03/25/26    Entered: 03/25/26 10:15:35    Page 87 of 103

MARY LIU, ESQ. (SBN 349739)
LAW OFFICE OF MARY LIU
17588 ROWLAND STREET, A186
CITY OF INDUSTRY, CA 91748
TEL: (626) 810-3799
EMAIL: MARYLIUESQ@GMAIL.COM

Attorney for Plaintiff,
XIANGJUN LI

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
6/6/2025 11:43 PM
By: Leanne Landeros, DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO- CIVIL UNLIMITED

| | |
|---|---|
| XIANGJUN LI, an individual, | Case No. CIVSB2407692 |
| Plaintiff, | [*Assigned for All Purposes to Honorable Jay H. Robinson, Dept. S35*] |
| vs. | |
| HAO KAREN DER CHEN; LETICIA FLORES PATINO, an individual; and DOES 2 to 10, | **DECLARATION OF LETICIA FLORES PATINO** |
| Defendants. | |
| | Complaint filed: April 8, 2024 |

DECLARATION OF LETICIA FLORES PATINO- 1

# DECLARATION OF LETICIA FLORES PATINO

I, Leticia Flores Patino, declare as follows:

1. I am over the age of eighteen (18) years, and I have personal knowledge of the following facts set forth in this declaration. If called upon, I could and would testify competently to the truth and accuracy of these matters.

2. I am a duly licensed notary public in the State of California. My Commission Number is 2470585 and expires on November 10, 2027. My business address is 12423 Limonite Ave, Suite 580, Eastvale, CA 91752.

3. I made this declaration in support of Plaintiff's XIANGJUN LI's ("Plaintiff LI" or "XIANGJUN LI") Motion for Summary Judgment, in in the alternative, for Summary Adjudication against Defendant HAO KAREN DER CHEN ("Defendant KAREN").

4. On January 6, 2025, I was served with a Deposition Subpoena, which requires me to appear and testify as a third-party witness at a deposition regarding my involvement of a questionable grant deed that bears my signature and my notary public seal.

5. On or about March 10, 2025, I appeared at my deposition. At the deposition, Plaintiff's counsel provided me with a Grant Deed (the "said Grant Deed"), which purports a title transfer made by Grantor Xiangjun Li to Grantee Karen Der Chen Hao concerning a real property commonly known as 3473 E Sweetbay Way, Ontario, CA 91761. APN: 0218272 020000 (the "Subject Property") A true and correct copy of the said Grant Deed is attached hereto as **Exhibit "1"** and incorporated herein by reference.

6. I carefully reviewed the contents of said California Grant Deed at the time. The said Grant Deed includes an Acknowledgement From, which purportedly states that on February 21, 2024, XIANGJUN LI appeared before me and that I notarized Plaintiff LI/Xiangjun LI's signature on the Acknowledgement Form of the said Grant Deed transferring the Subject Property to Defendant KAREN/ Karen Der Chen Hao. The statements are false.

7. On February 21, 2024, I (1) did not meet with Plaintiff LI; (2) I did not witness the signing of said Grant Deed by anyone and verify the signer's identity; and (3) I had never affixed my signature and seal onto the said Grant Deed.

8. I have also reviewed my notary journal, including for any entries dated February 21, 2024, and my journal does not reflect any entries concerning any meetings with Plaintiff Li/ Xiangjun Li on this date.

9. Also, upon review of my notary journal entries dated February 21, 2024, I found an entry for Karen Der Chen Feng/ Defendant KAREN for an unrelated matter. A true and correct copy of this entry is attached hereto as **Exhibit "2"** and incorporated by reference herein.

10. I never personally meet with Plaintiff LI/ Xiangjun Li on February 21, 2024. The first time I believe that I have seen Xiangjun Li was on March 10, 2025, which was the date that I had my deposition taken by Xiangjun Li's attorney of record, Mary Liu. I did not know such a person prior to March 10, 2025, which was the only date that I have ever seen Plaintiff L/ Xiangjun Li.

11. As part of my practice as a notary, and in regular course of business, at the conclusion of each notarization, I contemporaneously record and document said notarization in my log, including the date, the identity of the signor, and the nature of the notarization. I also mandate all signors to sign their signatures in my journal as part of the notary process.

12. Moreover, I did not personally fill out the Acknowledgement Form or notarize said Grant Deed. The signature bearing my name that was placed on the Acknowledgement Form of the said Grant Deed as part of **Exhibit "1"** was not executed by me. As such, I determined that the handwriting and the signature placed on the Acknowledgement Form of the said Grant Deed was not mine.

13. Furthermore, although the purported notary seal affixed onto the Acknowledgement Form of the said Grant Deed bears my name and commission number (2470585), it was not placed onto the document by me. I always hold my notary's seal within my possession and control at all times, and based on the foregoing, know with absolute certainty that the seal placed onto the Acknowledgement Form of the said Grant Deed is a counterfeit. As such, I determined that the purported notary seal affixed onto the Acknowledgement Form of the said Grant Deed is unauthorized by me.

I declare under penalty of perjury under the laws of the State of California that the

DECLARATION OF LETICIA FLORES PATINO- 3

foregoing is true and correct. Executed this ___th day of April, 2025 in the City of Eastvale, State of California.

_____
Leticia Flores Patino

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 91 of 103

# Exhibit "1"

RECORDING REQUESTED BY
Karen Der Chen Hao
AND WHEN RECORDED MAIL DOCUMENT TO:

NAME     Karen Der Chen Hao

STREET
ADDRESS     3473 E Sweetbay Way

CITY, STATE &
ZIP CODE     Ontario, CA 91761



Electronically
Recorded in Official Records
San Bernardino County

Assessor-Recorder-County Clerk

## DOC# 2024-0042671

| | | |
|---|---|---|
| 02/22/2024 03:49 PM | Titles: 1 | Pages: 4 |
| SAN | Fees | $23.00 |
| | Taxes | $0.00 |
| 14311 | CA SB2 Fee | $0.00 |
| | Total | $23.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

## Grant Deed

**Title of Document**

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

**Reason for Exemption:**

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT), or

☒ Exempt from fee per GC 27388.1, recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier, or

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____of Official Records. (Cap. $225.00)

☐ Exempt from fee per GC 27388.1, fee cap of $225.00 reached, and/or

☐ Exempt from fee per GC 27388.1, not related to real property

☐ Exempt from fee per GC 27388.1, due to being executed or recorded by the state or any county, municipality or other political subdivision of the state.

**Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee. Fees collected are deposited to the State and may not be available for refund.**

THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

RECORDING REQUESTED BY

Karen Der Chen Hao

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME

STREET
ADDRESS   Karen Der Chen Hao
       3473 E SWEETBAY WAY

CITY, STATE &
ZIP CODE   ONTARIO, CA 91761

TITLE ORDER NO.  0232484    ESCROW NO.           SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

## GRANT DEED

APN: 0218-151-11-0-000 (WOP)

    0218-272-02-0-000

The undersigned grantor(s) declare(s):
DOCUMENTARY TRANSFER TAX $ 0.00
☑ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated Area   ☑ City of ONTARIO

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I,
XIANG JUN LI, a single man, ("Grantor"),
hereby remise, release and grant to
KAREN DER CHEN HAO, a married woman, ("Grantee"),

the following described real property in the City of ONTARIO, County of SAN BERNARDINO
State of California, with the following legal description:

Also known as: 3473 E Sweetbay Way, Ontario, CA 91761

Described on EXHIBIT "A" attached hereto and incorporated herein by this reference, (see attached):

Dated: February 21, 2024          By: _Xiang Jun Li_ (signature)

                                 Xiang Jun Li, Grantor

This conveyance changes the manner in which title is held.
Grantor and Grantee remain the same and continue to
hold the same proportionate interest. R & T 11911

## EXHIBIT "A"

### Legal Description

Real property in the City of Ontario, State of California, described as follows:

Lot 2 of Tract No. 18026, as per Map recorded in Book 360, at Pages 8 through 11, and INT in common area:

Lot information, Land SQ. ft. 4,464 Legal Lot #2, Municipality name, Ontario, Acres 0.102, County Use Description: Puo Demiunis

APN: 0218 272 02 0000



## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California .
County of ___Riverside___ )

On ___February 21, 2024___ before me, _Leticia Flores Patino, notary Public_
(insert name and title of the officer)

personally appeared ___Xiang Jun Li___
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

LETICIA FLORES PATINO
Notary Public · California
Riverside County
Commission # 2470585
My Comm. Expires Nov 10, 2027

Signature _____ (Seal)

# Exhibit "2"



NOTARY Privacy Guard
Protected by U.S. Patent No. 7,965,353

Notary Privacy Guard
for NNA Notary Journals

☐ Personally Known by the Notary
☐ ID Cards — Describe each card below
☐ Credible Witness(es) — Include signature of each witness

OA DL ▮▮▮▮▮▮
EXP: ▮▮▮▮▮

02-00022
# 005-00918769
plus

# 4

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 99 of 103

Auto Club of So. California
12423 Limonite Ave Ste 580
Eastvale CA 91752

2-21-24   ACK

3:54pm

Grant Deed

Date of Document: 2-21-24

Karen Der Chen Feng
3473 E Sweet bay Way
Ontario CA 91761

# Exhibit "11"

Mary Liu, Esq. (SBN 349739)
Law Office of Mary Liu
17588 Rowland Street, A186
City of Industry, CA 91748
Tel: (626) 810-3799
Email: maryliuesq@gmail.com

Attorney for Plaintiff,
XIANGJUN LI, an individual

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

AUG 2 6 2025

BY VERONICA GONZALEZ, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO- CIVIL UNLIMITED

XIANGJUN LI, an individual,

Plaintiff,

vs.

HAO KAREN DER CHEN, and DOES 1 to 10, inclusive,

Defendants.

Case No. CIVSB2407692

[*Assigned for all purposes to Honorable Jay H. Robinson*]

[PROPOSED] JUDGMENT

Complaint filed: April 8, 2024
Trial Date: August 10, 2026

The Court, having reviewed Plaintiff XIANGJUN LI's ("Plaintiff") Motion for Summary Judgment ("Motion") against Defendant HAO KAREN DER CHEN ("Defendant") has granted the Motion.

[PROPOSED] JUDGMENT

1

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 101 of 103

IT IS HEREBY ORDERED, ADJUDGED AND DECLARED THAT:

1. Plaintiff is a purchaser for valuable consideration and the legal owner of the real property located at 3473 E Sweetbay Way, Ontario, California 91761, more fully described as:

   Lot 2 of Tract No. 18026, in the City of Ontario, County of San Bernardino, State of California, as per Map recorded in Book 360, at Pages 8 through 11, inclusive, of Maps, in the Office of the County Recorder of said County.

   APN: 0218-151-11-0-000 ("Subject Property")

2. On June 30, 2022, a Grant Deed dated June 21, 2022, was recorded in the County of San Bernardino, California, Doc # 2022-0232494.

3. The Grant Deed, dated February 21, 2024 and recorded on February 22, 2024, Doc #2024-0042671 of the public records of San Bernardino County, California is hereby extinguished and cancelled of record forever.

**IT IS SO ORDERED.**

Dated: 8/26/2025

_____
Honorable Jay H. Robinson
Judge of Superior Court

[~~PROPOSED~~] JUDGMENT

2

Case: 25-30906   Doc# 117   Filed: 03/25/26   Entered: 03/25/26 10:15:35   Page 102 of 103

<u>**CERTIFICATE OF SERVICE**</u>
**UNITED STATES BANKRUPTCY COURT**
**Northern District of California, San Francisco**

I am over the age of 18 and not a party to the within action. My business address is 17588 Rowland Street, Suite A186, City of Industry, CA 91748.

On March ,2026, I served the within **MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Mail at City of Industry, California, to all parties entitled to receive regularly mailed notices, addressed as follows:

| |
|---|
| Karen DC Hao a.k.a. Karen DC Feng<br>1929 Irving Street, P.O. Box 305, San Francisco, CA 94116<br>24 Bosworth Street, San Francisco, CA, 94112<br>2086 18th Avenue, Unit C, San Francisco, CA, 94116<br>1929 Irving Street #305, San Francisco, CA, 94122<br><br>Debtor |

[X] **Via ECF**. The undersigned verifies that the foregoing document was served via ECF on March , 2026 to the below-listed person(s) and entities.

| Paul Mansdorf, Esq.<br>paul@mansdorftrustee.com | Phillip John Shine, Esq.<br>Phillip.shine@usdoj.gov |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this  th day of March 2026, in City of Industry, California.

By:_____ */s/ Mary Liu*_____
Mary Liu

MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)          22